## D. LEVITSKY AND J. FELDHAM v. CHARLES P. JOHNSON AND JAMES GREGG.

35    41
a129 692

NEWLY DISCOVERED EVIDENCE AS A GROUND FOR NEW TRIAL.—Newly discovered evidence, when cumulative merely, furnishes no ground for a new trial; at least unless it clearly appears that its production would have changed the result, and that the strictest diligence would not have enabled the moving party to procure the same at the trial.

WHAT CONSTITUTES A BREACH OF A COVENANT.—To entitle a party to recover the penalty of a bond given for the faithful performance of a covenant, in an action instituted for that purpose, it is not alone sufficient to show a technical breach of its literal terms, but upon a reasonable interpretation of the intent and

meaning of the covenant, to be ascertained from all its terms, it must likewise appear that some substantial right, guarantied thereby, has been infringed, or some of its purposes defeated.

APPEAL from the District Court, Third Judicial District, Alameda County.

This was an action by plaintiffs, as assignees, to recover the penalty of a bond executed by defendants to plaintiffs' grantor for the faithful performance of certain covenants. On the trial D. C. Owen, who was a member of the firm of Owen & Whipple, being examined as a witness for the defendants, testified that defendant Johnson then was not and had not been at any time interested in the business of Owen & Whipple, nor had he been at any time in the employ of that firm; also, that all the capital of the firm had been furnished and belonged exclusively to it. On cross examination, plaintiffs' counsel interrogated the witness as to the amount of capital he possessed at the time the firm of Owen & Whipple was formed, the amount of its capital which he had furnished himself, and the total amount of capital invested in the business of Owen & Whipple when first established. To which interrogatories the defendants objected, on the grounds that they were irrelevant and immaterial. The Court sustained the objections, and plaintiffs excepted.

The plaintiffs also offered to prove at the trial by defendant Johnson that he (Johnson) had been complained of, before a Justice of the Peace, for selling goods on Sunday, (the 28th of October, 1866,) within six miles of Berman's store, had appeared, pleaded guilty, been fined, and had paid the fine imposed, to which plaintiffs objected, on the grounds that said facts could only be proved by the production of the record of conviction, or an exemplified copy thereof. The Court sustained the objections, and plaintiffs excepted.

The defendants had judgment in the Court below, and plaintiffs appealed from the judgment and from an order denying their motion for a new trial.

The other facts are stated in the opinion of the Court.

*Grey & Brandon,* for Appellants.

*E. D. Wheeler,* for Respondents.

By the Court, SPRAGUE, J.:

This is an appeal from an order denying a new trial, and from the judgment; also, from an order discharging plaintiffs' attachment.

The grounds upon which the motion for a new trial was based are:

1st—Newly discovered evidence, etc.

2d—Insufficiency of the evidence to justify the judgment, and that it is against law.

3d—Errors of law occurring at the trial, and excepted to by plaintiffs' counsel.

Upon the first ground, the newly discovered evidence, as contained in the affidavit of Selia Feliz Higuera, is only cumulative upon the main issue, to which the principal part of plaintiffs' evidence was directed on the trial. A party is presumed to know when he is ready for trial upon the main essential issues involved, and he cannot be allowed a new trial after having submitted his case upon such testimony as he thought proper to introduce in support of those issues of fact, by a showing that he had subsequently discovered additional pertinent evidence upon the same issue, unless it is clear that such evidence would change the result, and that the strictest diligence would not have enabled him to procure the same on the trial. We do not, in this case, think the Court below abused its discretion in refusing a new trial on this ground.

The third ground of the motion is, errors of law occurring at the trial, assigned as follows: First—In refusing to permit the questions asked of the witness Owen on cross examination. Second—"In excluding the testimony of Johnson as to his admission that he had sold goods on Sunday, the 28th day of October, 1866, and had pleaded guilty in a

prosecution against him therefor, and had paid the fine inflicted."

The Court was clearly right in sustaining defendants' objections to the questions propounded to each of the witnesses.

The second ground of motion for a new trial involves two questions:

First—Are the findings of the Court justified by the evidence as found in the record? and,

Second—If the evidence is sufficient to sustain the findings, then do the facts as found in judgment of law constitute a breach of the covenant sued upon?

Upon a careful review of the testimony, we do not feel prepared to disturb the findings.

Although, considering all the facts as found, there may have been a technical infraction of the letter or literal terms of the conditions of the bond executed by defendants on the 23d of July, 1866, yet this is not always the proper test by which to determine whether the covenant has been broken. " Courts are bound to give to the words a reasonable construction, with a view to arrive at the intent and meaning of the parties; and this must be ascertained before it can be determined whether the breach had taken place." (*Dakin* v. *Williams*, 17 Wend. 451.)

The respondents, on the 17th day of July, 1866, entered into a written agreement with one Emanuel Berman, by which they stipulated to lease a certain store and fixtures, then owned and occupied by them in the Town of Alvarado, for the term of two years from and after the 23d day of July, 1866, at a monthly rent of forty dollars, and to sell and deliver to said Berman on said 23d of July all the goods then belonging to them in said store, at their San Francisco cost prices, and " further agreed to make, execute and deliver to said party of the second part (Berman) their obligation binding themselves not to engage in the business of selling merchandise during the existence of the lease, at any point within

six miles of the premises herein leased; the penalty of said obligation to be the sum of five thousand dollars."

In pursuance of this agreement an account of the stock of goods was taken on or before the 22d of July, 1866, and the value of the stock of goods ascertained to be five thousand seven hundred and thirty-one dollars. That sum Berman paid to respondents on the 23d of July, 1866, according to the terms of the agreement, and in consideration thereof the respondents delivered to him the stock of goods, put him in possession of the store, and executed and delivered to him a lease of the store and premises for two years, and at the same time executed and delivered to him their written obligation, upon which this suit is brought, for an alleged breach of its conditions, the alleged violated terms being as follows: That respondents, nor either of them "shall not without the consent of said Berman, his heirs or assigns, nor will either of them, open any store for business, nor be engaged in, nor assist, nor be employed in any way in carrying on the business of selling merchandise in said Alvarado, or at any place within the distance of six miles from the store aforesaid." This obligation or bond was executed by respondents in pursuance and in part performance of their written agreement with Berman entered into on the seventeenth July, six days before. The two instruments, each refering to the other, and each relating to the same subject matter, constitute together but one transaction, and should be read and construed together for the purpose of arriving at the true intent and meaning of the parties.

We proceed, then, to inquire whether, from the facts as found, the respondents, or either of them, have violated the real intent and meaning of the conditions of their bond.

The evident object and purpose of the assignor of appellants (Berman) was to secure himself from the establishment of a rival store by respondents within six miles of the one leased to him by them, and to protect himself from a rival business instituted or conducted by respondents, or either of

them, and from any influence which they would be likely to exert in behalf of such rival business, by being interested or employed in the same. And such was the real understanding and intent of the respondents in executing their bond, as we are forced to interpret and construe the same in the light of the previous agreement of the parties.

It appears that some few months after Berman had taken possession of the store and goods sold to him by respondents, and after Berman had sold out the goods and transferred his lease to appellants, one Owen, a former clerk of respondents, and one Whipple, formed a partnership, under the firm name of Owen & Whipple, for the purpose of merchandising in the same Town of Alvarado, and did open a store and commence the sale of merchandise within a short distance of appellants' store. That for about one month after Berman took possession of respondents' store under the lease, respondent Johnson remained in the store, had a desk and safe there, and was engaged in collecting outstanding accounts of respondents. A misunderstanding arose between Berman and Johnson, and Johnson, by request of Berman, left the store, and moved his desk and safe to a vacant storeroom near by, and continued his collecting of the accounts of his old firm. After occupying this vacant storeroom about one month, the same was rented by the owner thereof to Owen & Whipple, and occupied by them in their business of selling merchandise, Johnson continuing to keep his desk and safe there, and continuing his business of collecting the firm accounts of Johnson & Gregg.

The Court below finds that neither Johnson nor Gregg induced Owen & Whipple to enter into partnership, or to engage in business, or to rent the store. That neither Johnson nor Gregg were interested in the business of Owen & Whipple as silent partners or otherwise, nor in any way in their employ as buyer or seller, or clerk for them.

That after Owen & Whipple commenced their business, respondent Johnson introduced Owen to some merchants of San Francisco, with whom the latter was not acquainted;

that once when going to San Francisco on his own business, Johnson, at the request of Owen & Whipple, took an order for them to their merchants there for some Mission goods; and that while he had a desk in the store, in the absence of Owen & Whipple from the store, at their meals, etc., he sold a few articles to their customers, as a mere accommodation for them; that these sales were seven or eight in number, and made between the 1st and 15th of November, 1866, and amounted in all to about five dollars; and that, beyond these casual acts, neither the defendants Johnson or Gregg have been engaged in carrying on the business of selling merchandise in the Town of Alvarado, nor any place within the distance of six miles from the store leased as aforesaid to Berman, nor have they or either of them been employed or assisted in carrying on such business in any way whatever.

Applying the above facts to the conditions of respondents' bond, as understood and intended by the parties at the time of its execution, we fail to discover any real breach on the part of respondents or either of them.

With these views, it becomes unnecessary for us to pass upon the appeal from the order discharging appellants' attachment.

Judgment and order denying new trial affirmed.

Mr. Justice SANDERSON and Mr. Justice RHODES expressed no opinion.