CAPITAL MERCHANDISE COMPANY, PLAINTIFF AND APPELLEE, *v.* GERARDINO & CO. ET AL., DEFENDANTS AND APELLANTS.

APPEALS from the District Court of Ponce in an Action of Debt.

Nos. 2629 and 2653.—Decided July 14, 1922.

MERCHANDISE—PURCHASE AND SALE—PAYMENT.—It having been agreed that the merchandise purchased by the defendant, a resident of Porto Rico, from the plaintiff, a resident of Chicago, would be paid for on receipt of the bill of lading by a New York bank designated by the former, the plaintiff made a shipment to the defendant and sent the bill of lading to the bank which did not pay the amount. The debt having been sued for, the defendant set up the defense that the plaintiff modified the contract by granting an extension of time to the bank, which had duly received the price of the merchandise from the defendant. *Held:* That the shipping of the merchandise before collecting the price was not a modification of the contract and the purchaser was under obligation to pay the debt.

ID.—ID.—NON-RESIDENT PLAINTIFF—SECURITY FOR COSTS.—The error of a court in not suspending the proceedings because of the failure of a non-resident plaintiff to give the security required by section 342 of the Code of Civil Procedure is not a prejudicial error if the court itself afterwards stays the execution of the judgment so that the security may be given, as was done in this case.

NEW TRIAL.—A motion for a new trial on the ground of newly discovered evidence should be overruled when the new evidence is cumulative and would not change the aspect of the case, especially in a case like this in which the appellant did not show that he was diligent in obtaining the newly discovered evidence.

The facts are stated in the opinion.

*Mr. J. Rosario Gelpí* for the appellants.

*Mr. C. Brunet* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

1. The Capital Merchandise Company, a partnership organized under the laws of the State of Illinois and a resident of Chicago, sued Gerardino & Company, another mercantile partnership of Ponce, to recover the sum of $1,007.70. The complaint was sustained and the defendants raised this appeal from the judgment.

It appears from the pleadings and the evidence that the plaintiff is engaged in the business of selling moving-picture commodities; that the defendants entered into business relations with the plaintiff on the condition that the goods would be paid for in New York; that an invoice of goods amounting to $1,007.70 was shipped by the plaintiff to the defendants and received by them, and that the plaintiff had not received the amount of the invoice.

There is no controversy regarding these facts. The issue is based on the contention by the defendants that they duly paid the amount of the invoice to Carr & Irons of New York, and the plaintiff alleges that the payment of the money to Carr & Irons is not a payment to the creditor such as the law requires as a discharge of the obligation of the debtors.

The evidence shows that the defendants always dealt directly with the plaintiff. Where, then, do Carr & Irons of New York come in in this case? Juan J. Gerardino, a member of the defendant partnership, described the connection as follows:

"Q. From whom did you buy these goods?—A. From Carr & Irons.

"Q. To whom did you send the order for the goods—A. The letter was addressed to Carr & Irons, because the manufacturers of the machines did not care to ship them on credit and they had to be paid for in New York.

"Q. Then, the letter containing the order was addressed to Carr & Irons?—A. We first sent the order to the Capital Merchandise

Company, but it refused to fill it unless it was accompanied by a New York draft, and then we sent it through a New York bank so that it would pay for the goods upon receiving them and the bill of lading.

"Q. The order was sent through a bank?—A. Through a bank.

"Q. What was to be done by the bank?—A. Pay for the merchandise upon receipt of the bill of lading.

"Q. This bank was Carr & Irons?—A. Carr & Irons.

"Q. Had Carr & Irons instructions from you to pay for the merchandise to the Capital Merchandise Co.?—A. Yes.

"Q. Was the merchandise received through Carr & Irons?—A. Yes."

From this and other testimony of this witness some basis might be found to support the contention that the business was done between the defendants and Carr & Irons of New York, but the correspondence from the defendants to the plaintiff shows something different. There are several letters and some of them are as follows:

"Ponce, Porto Rico, March 26/19. — Capital Merchandise Co., Chicago, Ill., U. S. A.—Dear Sirs:—I received your last letter saying that you would give me the agency for Porto Rico, Santo Domingo and Venezuela, but it would be necessary for us to purchase from you and pay to you in New York the sum of $1,007.70 according to your letter, and we are instructing our agents in New York, Carr & Irons, Inc., to pay the said sum to you upon receipt of the bill of lading for the said order.

"You may send the contract and the invoice for this order and for all others to Gerardino & Co., a firm which has considerable capital and much credit in Porto Rico and in the United States.

"I trust that we shall be able to establish a mutually profitable business and my only request is that all orders be given prompt attention. * * * "

"March 26/19.—Capital Merchandise Co., Chicago, Ill., U. S. A.—Dear Sirs:—With regard to the enclosed order No. ——, dated ——, please communicate with Carr & Irons, Inc., 11 Broadway, New York, N. Y., who will instruct you as to the manner of shipment and other details.—Payment will be made by Carr & Irons, Inc.,—Yours very truly, (Signed) Juan J. Gerardino."

"Ponce, P. R., May 27/19.—Capital Merchandise Co., Chicago, Ill.—Dear Sirs:—I have received your favor of the 14th inst., contents of which have been duly noted.—I received your cablegram and on the 14th cabled you in answer the word "Accepted" and I hope that at this date the goods are ready for shipment.—I see that you have written to Carr & Irons, Inc., with reference to payment and also for information as to how the cases should be marked. I wish them to be marked L. V. M. & Co., Ponce, P. R.—Thanking you for your kindness and trusting that the shipment will be received promptly. I am, Yours very truly.—(Signed) Luis V. Martínez.—Please send quite a number of catalogs in Spanish with the name of J. J. Gerardino & Co., Ponce, P. R., on the cover."

"Ponce, P. R., June 10, 1919.—Capital Merchandise Co., Chicago, Ill.,—Dear Sirs:—Your cablegram of the 3rd inst. was received and contents carefully noted. No doubt when this letter reaches its destination, you will be in possession of the money from Carr & Irons, otherwise please advise me to draw in your favor by cable.— Yours very truly, J. J. Gerardino."

"Ponce, P. R., Aug. 29, 1919.—Capital Merchandise Co.—538 South Dearborn Street, Chicago, Ill.—I am in receipt of your letter of the 16th inst. and extremely regret the inconvenience encountered in connection with the matter of Messrs. Carr & Irons.—As I paid these concern for the order, and as I thought they will reimburse you I am unable to say anything at present regarding the situation, but will later on.—You may therefore ask them to kindly pay you the remittance I made them and I wish you succeed in obtaining a settlement for them.—Yours very truly, (Signed) J. J. Gerardino."

The deposition of witness B. P. Pearlman was taken in Chicago, Ill., and contains a detailed history of the transaction. Also it may be deduced therefrom that Carr & Irons, Inc., acted as the agents of the defendants.

The appellants allege that in the case of an agency the evidence shows that the plaintiff modified the contract and instead of collecting the amount of the invoice in cash from the agent of the defendants, granted the latter an extension and can not now repudiate its own acts, nor hold the defendants responsible when they duly placed in the hands of

the agent the money with which to make the payment and the agent failed to do so.

The evidence shows that the plaintiff made it a condition that payment should be made on the Continent and not on the Island on receipt of the bill of lading. The defendants agreed to this and designated Carr & Irons, Inc., of New York as their agent for making the payment. The orders were sent by the defendants directly to the plaintiff. The condition that payment should be made on receipt of the bill of lading does not mean that the plaintiff should wait until the agent had paid for the goods before shipping them. The plaintiff was a resident of Chicago. It received the order, shipped the goods, fowarded the documents to the defendants' agent and the agent did not pay for them. That is all. Such action was compatible with the terms of the contract between the plaintiff and the defendants. From that it can not be inferred that the plaintiff granted the agent an extension of time within which to pay for the goods, thus modifying the contract.

The appellants further allege that the court erred in overruling their motion to annul the setting of a day for the trial on the ground that the plaintiff, a corporation residing in another state, had not given the security required by section 342 of the Code of Civil Procedure. It is true that, as the plaintiff had been required to give such security and had failed to do so, the court should have suspended the proceedings until this was done, but the error was harmless because thereafter the court stayed the execution of the judgment and the security was finally given.

For all of the foregoing reasons we are of the opinion that the judgment appealed from should be affirmed.

2. We shall now pass upon the appeal taken from the order overruling the motion for a new trial, which was heard together with the appeal from the judgment.

The motion was based on the discovery of new evidence

consisting of certain letters of the defendants, of Carr & Irons, Inc., and of the plaintiff. The district court overruled the motion without stating any reasons therefor.

The appellants assign several errors which, in our opinion, were not committed.

In the first place due diligence was not shown. It is alleged that the commercial establishment of the defendants was destroyed by a fire on the 7th of June, 1921, or eight days before the trial, the insurance company having taken charge of all of the books and papers saved, among which was the correspondence referred to and which the defendants were unable to obtain in time for the trial. But, as the appellee maintains, although the trial ended on June 15th, the fact is that it was begun on the 28th of April and had been continued until after certain depositions should be received from the Continent, and it is impossible to understand why, being in possession of all such correspondence, the defendants did not deliver it to their attorney together with other correspondence of the same character which was offered in evidence on the 15th of June. Besides, if the insurance company refused to permit an examination of the correspondence, the defendants had means at their disposal to compel the company to do so, and also had sufficient time therefor prior to the 15th of June. The defendants could have moved for a continuance. The correspondence was necessarily known to the defendants.

In the second place, the evidence produced was merely cumulative. The appellants cite the following jurisprudence: ''Newly discovered evidence, when cumulative merely, furnishes no ground for a new trial; at least unless it clearly appears that its production would have changed the result.'' *Levitsky* v. *Johnson*, 35 Cal. 41. And they maintain that the evidence in this case is of that character. However, we have examined it and in our opinion even if that evidence were considered, it would lead to the conclusion that the defend-

ants contracted directly with the plaintiff and that Carr & Irons, Inc., participated as their agent in order to facilitate the transaction.

The order refusing to grant a new trial should be affirmed also.

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.