CAPITAL MERCHANDISE COMPANY, DEMANDANTE Y APELADA, *v.* GERARDINO & CO. ET AL., DEMANDADOS Y APELANTES.

APELACIONES procedentes de la Corte de Distrito de Ponce en pleitos sobre cobro de dinero y nuevo juicio.

Nos. 2629 y 2653.—Resueltos en julio 14, 1922.

COMPRAVENTA MERCANTIL—PAGO.—Habiéndose convenido que las mercancías que comprara la demandada, residente en Puerto Rico, a la demandante, residente en Chicago, serían pagadas al recibo de los conocimientos por un banco de New York que designó aquélla, la demandante embarcó un pedido de la demandada y envió los conocimientos al banco, que no pagó. Reclamada judicialmente la deuda, la demandada resistió el pago alegando que la demandante modificó el contrato concediendo un plazo al banco, a quien entregó oportunamente la demandada el precio. *Se resolvió:* que el despacho de las mercancías antes de cobrar el precio no constituyó modificación del contrato y que subsiste en el comprador la obligación de pagar la deuda.

ID.—DEMANDANTE NO RESIDENTE—FIANZA PARA COSTAS Y GASTOS.—El error de una corte al no suspender los procedimientos por dejar un demandante no residente en la Isla de prestar la fianza a que se refiere el artículo 342 del Código de Enjuiciamiento Civil, no es un error perjudicial si luego la misma corte suspende los efectos de la sentencia para que se preste como se prestó en este caso la fianza.

ID.—NUEVO JUICIO.—La petición de nuevo juicio basada en el descubrimiento de nueva prueba debe ser denegada cuando la nueva prueba es acumulativa y no habría de cambiar el resultado del juicio, tanto más en el presente caso en que el apelante no demostró diligencia en la obtención de la nueva prueba descubierta.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Rosario Gelpí.*

Abogado de la apelada: *Sr. C. Brunet.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

1. La Capital Merchandise Company, una sociedad organizada de acuerdo con las leyes del Estado de Illinois, con residencia en Chicago, demandó a Gerardino y Cía., otra sociedad mercantil con residencia en Ponce, en cobro de $1,007.70. La demanda fué declarada con lugar y los demandados interpusieron contra la sentencia dictada el presente recurso de apelación.

Aparece de las alegaciones y de las pruebas que la demandante se dedica a la venta de efectos para cinematógrafo; que la demandada entró en negocios con ella bajo la base de que los efectos se pagarían en Nueva York; que una factura por valor de $1,007.70 fué despachada por la demandante para la demandada y recibida por ésta, y que la demandante no ha recibido el precio de la factura.

Sobre los anteriores hechos no hay conflicto. El conflicto estriba en que la parte demandada sostiene que ella pagó debidamente la factura a otra persona, Carr & Irons, Inc., de Nueva York, y la demandante alega que la entrega del dinero a Carr & Irons no es el pago al acreedor que exige la ley para liberar de su obligación al deudor.

Examinemos la prueba. Ella demuestra que la demandada se entendió siempre directamente con la demandante en sus negociaciones. ¿Qué papel juega entonces en este pleito Carr & Irons, de Nueva York? Juan J. Gerardino, miembro de la sociedad demandada, lo describe así:

"P.—¿A quién compraron ustedes eso? R.—A la Carr Irons.

P.—¿A quién le hicieron ustedes el pedido, la carta pidiendo eso? R.—La carta se la hicimos a Carr Irons porque la fábrica que hacía las máquinas no quiso despachar eso por crédito, tenía que ser pagado en New York.   P.—De modo que la carta que hicieron la orden fué la carta a Carr & Irons?   R.—Primero la hicimos a la Merchandise pero ella la rehusó a menos que no fuera con una letra de New York y entonces la pasamos a través de un banco de New York para que ellos pagaran allí al recibo del conocimiento y la mercancía.   P.—¿Entonces la orden la pasaron por un banco?   R.—Por un banco. P.—¿Qué ingerencia tenía ese banco?   R.—Pagar la mercancía al recibo de los conocimientos.   P.—¿Ese banco era Carr & Irons?   R.— Carr & Irons.   P.—¿Entonces Carr & Irons tenía instrucciones de ustedes de pagar la mercancía a la Capital Merchandise Company? R.—Sí, señor.   P.—La mercancía se recibió por conducto de Carr & Irons.   R.—Sí, señor.''

A juzgar por esas y otras manifestaciones del testigo, podría encontrarse algún apoyo para sostener que la negociación se hizo entre la demandada y Carr & Irons, Inc., de Nueva York, pero las cartas de la demandada a la demandante demuestran otra cosa.   Son varias.   Transcribiremos algunas, las que siguen:

''Ponce, Pto. Rico, Marzo 26/19.—Capital Merchandise Co.— Chicago, Ill., U. S. A.—Muy Sres. míos:—Recibí su carta última en la cual me decían ustedes que me darían la agencia para Porto Rico, Santo Domingo y Venezuela, pero para esto necesitamos comprarle y pagarle New York la cantidad de $1,007.70 según su carta y estamos dando órdenes a nuestros agentes en New York, Carr & Iron Inc. para que paguen a ustedes dicha cantidad al recibir los documentos de embarque de dicha orden.

''Pueden ustedes mandar el contrato y la factura de esta orden y todas las demás a Gerardino & Co., cuya casa tiene bastante capital y está muy acreditada tanto en Porto Rico como en los Estados Unidos.

''Espero que haremos en el futuro muy buenos negocios y lo único que quiero es que cada vez que pase una orden sea atendida a la mayor brevedad posible.''

\*      \*      \*      \*      \*      \*   ·   \*

''March 26/19.—Capital Merchandise Co., Chicago, Ill., U. S. A.

—Muy señores nuestros:—Con respecto a la orden adjunta No. ——fecha———sírvanse dirigirse a Carr & Irons, Inc., 11 Broadway, New York, N. Y., solicitando instrucciones de embarque y otros detalles.—El pago se efectuará por Carr & Irons, Inc.—Sus afmos. attos. y SS. (Firmado)   Juan J. Gerardino.''

''Ponce, P. R., Mayo 27/19.—Capital Merchandise Co., Chicago, Ill.—Muy señores míos:—He recibido su muy atenta del 14 d/c, tomando debida nota de sus pormenores.—Recibí su cable y con fecha 14 de este mismo mes envié a ustedes otro en contestación, diciéndoles '*Accepted*' y espero que a esta fecha ya esté el embarque listo para ser enviado.—Veo que le han escrito a Carr & Irons, Inc., referente al pago; también para que le informen como deberán ser marcadas las cajas, desearía que vinieran marcadas L. V. M. & Co., Ponce, P. R.—Dándoles las gracias por sus atenciones y esperando recibir este embarque pronto, quedo de ustedes atto. y SS.—(Firmado)   Luis V. Martínez, R. V. M.—Remitan bastantes catálogos y en español con el nombre en la cubierta de ellos J. J. Gerardino & Co., Ponce, P. R.''

''*Ponce, P. R., June 10, 1919.—Capital Merchandise Co.—Chicago, Ill.—Dear Sirs:—Your cablegram of the 3rd. inst. was received and contents carefully noted.—No doubt, when this letter reaches its destination, you will be in possession of the money from Carr & Irons, otherwise please advise me to draw in your favor by cable.—Yours very truly,—J. J. Gerardino.*''

''*Ponce, P. R., Aug. 29, 1919.—Capital Merchandise Co., 538 South Dearborn Street, Chicago, Ill.—I am in receipt of your letter of the 16th inst. and extremely regret the inconveniences encountered in connection with the matter of Messrs. Carr & Irons.—As I paid these concern for the order, and as I thought they will reimburse you I am unable to say anything at present regarding the situation, but will later on.—You may therefore ask them to kindly pay you the remittance I made them and I wish you succeed in obtaining a settlement for them.—Yours very truly,—(Signed) J. J. Gerardino.*''

La deposición del testigo B. P. Pearlman fué tomada en Chicago, Ill., y contiene una historia detallada de la transacción.   De ella también se deduce que Carr & Irons, Inc., actuaron como agentes de la demandada.

Alega la apelante que de la evidencia se desprende, en

el caso de existir la agencia, que la demandante modificó el contrato y en vez de recibir de contado el precio de la factura del agente de la demandada, le concedió un plazo, no pudiendo ahora volver sobre su acuerdo, ni repetir contra la demandada, si ésta puso en manos del agente, en tiempo, como en efecto lo hizo, el dinero para el pago, y el agente no cumplió.

La prueba demuestra que la demandante exigió que se le pagara en el Continente y no en la Isla, al recibo de los documentos de embarque. La demandada se avino y eligió como su agente para el pago a Carr & Irons, Inc., de Nueva York. Los pedidos los hacía directamente la demandada a la demandante. La condición de que el pago se hiciera al recibo de los documentos, no quiere decir que la demandante debiera esperar el pago de los efectos por el agente para despacharlos. La demandante residía en Chicago. Recibió la orden, despachó los artículos y envió los documentos al agente de la demandada y el agente no pagó. Eso es todo. Tal actuación fué congruente con los términos del contrato celebrado entre la demandante y la demandada. A virtud de ello no puede deducirse que la demandante concediera un plazo al agente para el pago modificando en tal sentido el contrato.

Alega la apelante además que la corte cometió error al declarar sin lugar su petición de que se dejara sin efecto el señalamiento de la vista del juicio, ya que la demandante, una corporación con residencia en otro Estado, no había prestado la fianza a que se refiere el artículo 342 del Código de Enjuiciamiento Civil. En efecto habiendo sido requerida la demandante para prestar la fianza y no habiéndolo hecho, el procedimiento debió suspenderse hasta que lo hiciera, pero el error cometido no es perjudicial porque luego la corte suspendió los efectos de la sentencia que dictara y la fianza se prestó finalmente.

Por virtud de todo lo expuesto, opinamos que debe confirmarse la sentencia recurrida.

2. Procederemos ahora a la consideración del otro recurso de apelación,—el establecido contra la orden que declaró sin lugar la moción de nuevo juicio,—cuya vista se celebró conjuntamente con el interpuesto contra la sentencia.

La moción se basó en el descubrimiento de nueva prueba, consistente en cierta correspondencia cruzada entre el demandado, la Carr & Irons, Inc., y la demandante, y fué declarada sin lugar sin que la corte de distrito expresara los motivos en que fundó su negativa.

La parte apelante señala la comisión de varios errores que no existen a nuestro juicio.

En primer lugar no se demostró la debida diligencia. Se alega que el establecimiento comercial del demandado fué destruído por un incendio el 7 de junio de 1921, ocho días antes de la celebración del juicio, habiendo la compañía aseguradora héchose cargo de toda la documentación salvada, entre ella la correspondencia de que se trata, que no le fué posible obtener al demandado para la fecha del juicio. Pero como sostiene la parte apelada si bien el juicio se terminó el quince de junio, es lo cierto que comenzó a celebrarse el 28 de abril anterior suspendiéndose para continuarlo cuando se recibieran ciertas deposiciones que se esperaban del Continente y no se explica como hallándose toda dicha correspondencia en poder del demandado no fué puesta en manos de su letrado como la otra de igual naturaleza que se introdujo por él el quince de junio. Además si la compañía aseguradora se negaba a permitir el examen de la correspondencia, medios tuvo a su alcance el demandado para obligarla a ello y tiempo suficiente con anterioridad al quince de junio. Pudo pedir la posposición de la vista. La correspondencia le era necesariamente conocida.

Y en segundo lugar la prueba aportada era meramente acumulativa. Cita el apelante la siguiente jurisprudencia:

"Evidencia nuevamente descubierta meramente acumulativa, no es motivo suficiente para la concesión de un nuevo juicio, a menos que aparezca claramente que cambiaría el resultado del pleito." *Levitsky* v. *Johnson,* 35 Cal. 41. Y sostiene que la evidencia en este caso es de tal naturaleza. Sinembargo la hemos examinado y a nuestro juicio basándose en ella siempre se llegaría a la conclusión de que el demandado contrató directamente con la demandante y que la Carr & Irons, Inc., intervino como agente del demandado para facilitar la transacción.

Debe confirmarse de igual modo la resolución que negó el nuevo juicio.

> *Sin lugar los recursos establecidos y confirmada la sentencia apelada y la orden denegatoria del nuevo juicio.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.