FIRST BANK OF PUERTO RICO, apelado, *v.* INMOBILIARIA NACIONAL, INC. ET ALS., apelante.

*Número:* AC-96-1 *Resuelto:* 2 de marzo de 1998

*Benny Frankie Cerezo*, abogado de la parte apelante; *Carlos G. Látimer* y *Frances R. Colón-Rivera*, de *Látimer, Biaggi, Rachid & Godreau*, abogados de la parte apelada.

PER CURIAM: Revisamos una sentencia dictada por el Tribunal de Circuito de Apelaciones, Circuito Regional I, mediante la cual se revocó una sentencia del Tribunal de Primera Instancia que dio por desistida, *con perjuicio*, a la parte demandante de su reclamación por haber incumplido con el término de seis (6) meses provisto en las Reglas de Procedimiento Civil para diligenciar el emplazamiento.

En la sentencia que hoy se solicita revisemos, el Tribunal de Circuito de Apelaciones determinó que existía base en el expediente para sostener que hubo justa causa para que se diligenciaran los emplazamientos en exceso del término aludido. Por entender que el referido tribunal apelativo actuó incorrectamente, *revocamos* la sentencia apelada.

I

El día 28 de diciembre de 1984, la compañía Inmobiliaria Nacional, Inc., representada por su Presidente, el Lcdo.

Benny Frankie Cerezo, suscribió un pagaré por la suma principal de noventa y siete mil quinientos dólares ($97,500) a favor de First Federal Savings Bank, actualmente haciendo negocios como FirstBank of Puerto Rico (en adelante FirstBank). Dicho pagaré está garantizado con una hipoteca sobre una propiedad de la parte deudora.

Debido a que Inmobiliaria Nacional, Inc. incumplió con las mensualidades vencidas en los meses de septiembre de 1991 a noviembre de 1992, FirstBank instó, el día 20 de noviembre de 1992, una acción en cobro de dinero y ejecución de hipoteca contra dicha corporación y el licenciado Cerezo reclamando la suma de noventa y un mil doscientos nueve dólares con treinta y ocho centavos ($91,209.38) más los intereses correspondientes. En esa misma fecha, *20 de noviembre de 1992*, la Secretaría del Tribunal de Primera Instancia expidió los emplazamientos para ambos demandados.

El 13 de mayo de 1993, el foro de instancia emitió una orden al amparo de la Regla 39.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, contra la parte demandante para que explicara la razón por la cual no debía desestimar su demanda. FirstBank compareció el 20 de mayo señalando que había estado en conversaciones con la parte demandada para lograr una transacción de la demanda. Además, solicitó que, en vista de que no había llegado a un acuerdo con los demandados, el tribunal le concediera un plazo adicional y final de sesenta (60) días para emplazarlos personalmente.

El día 28 de mayo de 1993, el foro de instancia acogió la moción del demandante y emitió una orden prolongando el término dispuesto en la Regla 4.3(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, *a sesenta (60) días adicionales.* Además, señaló una conferencia sobre el estado de los procedimientos para el 16 de noviembre de 1993. El archivo en autos de copia de la notificación de dicha orden fue el 3 de junio de 1993.

De acuerdo con el nuevo término concedido por el tribunal, la parte demandante tenía *hasta el 2 de agosto de 1993*

para emplazar a los demandados. No obstante, los emplazamientos alegadamente fueron diligenciados el día *19 de agosto de dicho año*; esto es, *diecisiete (17) días después de haberse vencido la prórroga.*

Así las cosas, el 16 de noviembre de 1993 se celebró la conferencia sobre el estado de los procedimientos sin la comparecencia de los demandados, a quienes a la sazón se les anotó la rebeldía. El 21 de enero de 1994, FirstBank solicitó al tribunal que dictara sentencia en rebeldía. Ante esta solicitud, dicho foro requirió a los demandados que mostraran causa por la cual no debía dictar sentencia en rebeldía en su contra.([1])

El 7 de marzo de 1994, los demandados comparecieron sin someterse a la jurisdicción del tribunal, *aduciendo que nunca habían sido emplazados conforme a derecho.* Además, le recordaron al foro de instancia que el 21 de diciembre de 1993 habían presentado un escrito que incluía sus planteamientos en cuanto a la desestimación de la demanda por no haber sido emplazados correctamente.

Mediante Resolución de 10 de marzo de 1994, el tribunal le informó a la parte demandada que el escrito radicado por ellos fue devuelto por falta de los aranceles correspondientes y que el mismo no aparecía presentado nuevamente. Además, se le notificó que el tribunal había prorrogado el plazo para diligenciar los emplazamientos mediante la orden emitida el 28 de mayo de 1993.

No empece lo anterior, el 23 de marzo de 1994, los demandados, nuevamente y sin someterse a la jurisdicción del tribunal, reiteraron que el demandante había incumplido con el término de seis (6) meses dispuesto en las Reglas de Procedimiento Civil al haberlos emplazado el 19 de agosto de 1993, por lo que procedía la desestimación de la demanda.

Por su parte, el banco demandante radicó una moción el

---

([1]) Por razón de que la referida orden de mostrar causa no fue notificada a los demandados, el 23 de febrero de 1994 el tribunal ordenó que la misma les fuese notificada y que, además, se les enviara copia de la minuta de 16 de noviembre de 1993.

27 de abril de 1994 donde sostuvo que los demandados habían sido emplazados conforme a derecho. Acompañó con su moción una declaración jurada del Sr. Juan F. Rosado donde éste señaló las gestiones que hizo para emplazar a los demandados y que, en efecto, los emplazó el 19 de agosto de 1993.

Trabada la controversia sobre el diligenciamiento de los emplazamientos, el tribunal celebró al respecto una vista especial el 15 de junio de 1994. De conformidad con lo *acordado* en la referida vista, el tribunal ordenó expedir *nuevos* emplazamientos, los cuales fueron expedidos el 20 de junio de 1994; *los mismos debían ser diligenciados en un plazo de treinta (30) días a partir de la fecha de su expedición.* Por lo tanto, la parte demandante tenía *hasta el 20 de julio de 1994* para diligenciar los emplazamientos.

El día 6 de julio de 1994, los demandados comparecieron de nuevo ante el tribunal, sin someterse a su jurisdicción, y solicitaron la desestimación de la demanda con perjuicio. En respuesta a dicha moción, el foro de instancia señaló una vista evidenciaria para dilucidar si el tribunal tenía jurisdicción sobre la persona de los demandados.

Inconformes con tal señalamiento, el 2 de agosto de 1994, los demandados presentaron moción en auxilio de su jurisdicción y recurso de *certiorari* ante el Tribunal Supremo. El 4 de agosto de 1994, este Foro paralizó los procedimientos del caso, incluyendo la vista evidenciaria pautada, y le concedió un plazo de quince (15) días a First-Bank para expresarse sobre el recurso instado.

En esa misma fecha, *4 de agosto de 1994*, y luego de haberse notificado la paralización de todos los procedimientos, el Sr. Reynaldo E. Cestero diligenció los emplazamientos expedidos el 20 de junio de 1994. Nótese que el diligenciamiento se efectuó *quince (15) días después de haberse vencido* la segunda prórroga concedida por el tribunal.

Luego de analizar la petición y la moción en cumplimiento de orden presentada por el demandante, emitimos una resolución el 14 de octubre de 1994, *donde denegamos*

*la petición de certiorari y ordenamos la celebración de una
vista con el único propósito de determinar si el tribunal
había adquirido jurisdicción sobre los demandados o si
procedía dar por desistida a la parte demandante de su
causa de acción.*

A tenor con la orden de este Tribunal, el foro de instancia celebró una vista el 5 de diciembre de 1994, a la cual comparecieron ambas partes. El demandante presentó prueba testifical consistente del testimonio de las cuatro (4) personas que, alegadamente, intentaron diligenciar los emplazamientos.([2]) La parte demandada no presentó ningún tipo de prueba.

El 24 de febrero de 1995, el Tribunal de Primera Instancia, Sala de San Juan, dictó sentencia donde concluyó que el demandante no demostró haber desplegado razonable diligencia para emplazar a los demandados dentro de los plazos concedidos, por lo que dio por desistida, *con perjui-*

---

([2]) A continuación un resumen de las declaraciones de los testigos presentados por la parte demandante, según se desprende de las determinaciones de hechos realizadas por el tribunal de instancia en su sentencia:

Lizette Román— Declaró que, en un periodo de dos (2) semanas, visitó en tres (3) ocasiones la oficina del licenciado Cerezo; que habló con una joven que aparentaba ser la secretaria del abogado a quien le hizo preguntas para ver si podía encontrar al codemandado Cerezo, y que tales gestiones fueron infructuosas.

Juan F. Rosado— Testificó que el 28 de julio de 1993 recibió los emplazamientos expedidos el 20 de noviembre de 1992; que el día 11 de agosto de 1993 fue a la casa del licenciado Cerezo y que nadie contestó a la puerta; que el 12 de agosto de 1993 regresó a la casa del Lcdo. Cerezo como a las 2:00 P.M., que tocó el timbre y que el codemandado Cerezo le contestó, pero no le abrió la puerta; que el día siguiente, la secretaria del licenciado Cerezo le informó que éste se encontraba en el Tribunal Federal y que Rosado se personó en el tribunal, pero no encontró al codemandado; que el 19 de agosto de 1993 se estacionó cerca de la oficina del licenciado Cerezo con el propósito de esperarlo para ver si lo podía emplazar; que estuvo en la oficina del licenciado de 10:00 A.M. a 12:00 P.M.; *que a esa hora llamó a la Lcda. Wanda I. Luna, abogada de récord del demandante, y ésta le indicó que dejara los emplazamientos encima del escritorio de la secretaria de Cerezo, y que así lo hizo*; que él tenía la impresión de que el demandado se encontraba en sus oficinas porque, según él, éste se escuchaba; expresó que no realizó más gestiones con el emplazamiento de los demandados.

Hipólito Félix— Declaró que fue una vez a la oficina del codemandado Cerezo para emplazarlo; que éste no se encontraba y que dejó mensaje; que hace un año y algo de tales gestiones.

Reynaldo E. Cestero— Testificó que recibió los emplazamientos el 1ro de agosto de 1994 *y que los diligenció mediante entrega personal al licenciado Cerezo en sus oficinas el 4 de agosto de 1994 a las 5:45 P.M.*

*cio*, la demanda entablada, según dispone la Regla 4.3(b) de Procedimiento Civil, ante.

El 10 de marzo de 1995, la parte demandante presentó una moción solicitando determinaciones de hechos y conclusiones de derecho adicionales. Además, requirió que el foro de instancia señalara nueva vista a tenor con los incisos (a) y (c) de la Regla 48.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.[3]

La contención del demandante fue a los efectos de que se admitiera como evidencia nueva, que no pudo ser descubierta anteriormente, una Carta de 18 de agosto de 1993 que le escribió el codemandado Benny Frankie Cerezo al Lcdo. Carlos Látimer, uno de los abogados que representa al demandante. En la carta, el licenciado Cerezo pidió al licenciado Látimer que "coordin[ara] con la persona en [su] oficina que [le] ha ajotado un emplazador detrás". Apéndice, Anejo 9, pág. 35. El propósito de presentar la carta era contradecir al licenciado Cerezo, quien en la referida vista evidenciaria manifestó que él no sabía que se le estaba tratando de emplazar.

FirstBank explicó al tribunal sentenciador que dicha comunicación no se presentó durante la vista debido a que, por ser una de carácter personal, fue archivada en un expediente personal y no constaba en el expediente judicial del caso. Además, el demandante señaló que fue en la vista evidenciaria, a última hora, que el licenciado Látimer y el licenciado Galva sustituyeron a la abogada asignada al caso, la licenciada Luna. El tribunal de instancia dictó una

---

[3] Los incisos (a) y (c) de la Regla 48.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establecen lo siguiente:

"Se podrá ordenar la celebración de un nuevo juicio por cualquiera de los siguientes motivos:

"(a) Cuando se descubriere evidencia esencial la cual, a pesar de una diligencia razonable, no pudo descubrirse ni presentarse en el juicio.

"(c) Cuando la justicia sustancial lo requiere. El tribunal podrá conceder un nuevo juicio a todas o cualesquiera de las partes y sobre todas o parte de las cuestiones litigiosas."

resolución el 14 de marzo de 1995, denegando de pleno la moción radicada por FirstBank.([4])

Posteriormente, la parte demandante apeló ante el Tribunal de Circuito de Apelaciones la sentencia emitida por el foro de instancia el 24 de febrero de 1995.([5]) El tribunal apelativo dictó sentencia el 15 de noviembre de 1995, revocando el dictamen apelado y ordenando la devolución y continuación de los procedimientos ante el tribunal de primera instancia.([6])

---

([4]) Sobre la solicitud de determinaciones de hechos y conclusiones de derecho adicionales, el foro de instancia resolvió que en su extensa sentencia había recogido todos los hechos que estimó probados, al igual que el derecho aplicable a la controversia del caso.

Con respecto al requerimiento de nueva vista bajo el inciso (a) de la Regla 48.1 de Procedimiento Civil, ante, el tribunal concluyó que "una vez más el demandante despleg[ó] falta de diligencia al no aducir las gestiones que realizó para obten[er] la nueva evidencia alegadamente descubierta ahora". (Énfasis en el original suprimido.) Apéndice, Anejo 11, págs. 37–37A. De igual forma, el tribunal sostuvo que la nueva vista tampoco podía ser concedida a base del inciso (c) de la mencionada regla, ya que el demandante no adujo razones meritorias para que dicho foro, en el ejercicio de su discreción, concediera la misma.

([5]) En su recurso de apelación ante el Tribunal de Circuito de Apelaciones, el demandante señaló la comisión de los siguientes errores:

"A. Erró el Tribunal Superior al denegar la Moción para Determinaciones de Hecho y Conclusiones de Derecho Adicionales [y] para Admisión de Prueba y/o Nueva Vista.

"B. Erró el Tribunal Superior al desestimar la demanda con perjuicio."

([6]) En cuanto a la solicitud de determinaciones de hechos y conclusiones de derecho adicionales, el Tribunal de Circuito de Apelaciones sostuvo la determinación del foro de instancia. No obstante, con respecto a la denegación de nueva vista y la admisión de la aludida carta, el tribunal apelativo resolvió que: "Dicha misiva fue indebidamente excluida por el tribunal de instancia y se admite en apelación como excepción, por haberse probado por FirstBank las razones en la dilación de su presentación. *C. Armstrong & Hijos v. Ortiz Santiago*, 105 D.P.R. 634, 635 (1977)." Apéndice, Anejo 1, pág. 7 esc. 4.

El foro apelativo resolvió que el diligenciamiento de los emplazamientos realizado el 19 de agosto de 1993 no se efectuó conforme a derecho porque no se diligenció en la persona del codemandado Cerezo.

Con relación a los emplazamientos de 4 de agosto de 1994, dicho tribunal concluyó que, a pesar de que se diligenciaron vencido el término de prórroga concedido y una vez paralizados los procedimientos por este Foro, "el efecto jurídico del emplazamiento como notificación es con fecha posterior a éstos [sic] eventos y a la resolución del Tribunal Supremo denegando [sic] el recurso de *certiorari*". Apéndice, Anejo 1, pág. 9. Además, el tribunal explicó que no se demostró que ese trámite afectara derechos o que causara perjuicio sustancial alguno a los demandados. Dicho foro concluyó que "FirstBank realizó múltiples esfuerzos luego de haber agotado la etapa de negociación, para emplazar a [los demandados] y que [el Lcdo. Cerezo] en ocasio-

El 2 de enero de 1996, los demandados comparecieron ante este Tribunal, vía recurso de apelación, imputándole al Tribunal de Circuito de Apelaciones haber errado al:

▆▆ ... admitir la prueba excluída (sic) por el Tribunal Superior sin darle oportunidad a la parte apelante de confrontar dicha evidencia, una vez admitida como prueba en su contra.
2. ... revocar la sentencia del Tribunal Superior, ... a pesar de que su determinación en torno a la violación de la Regla 4.3(b) de Procedimiento Civil está apoyada por la evidencia y dictada conforme a derecho. Escrito de apelación, pág. 5.

El 25 de enero de 1996, acogimos el presente recurso de apelación. Habiendo comparecido las partes y estando en posición de resolver el mismo, procedemos a así hacerlo.

## II

En su primer señalamiento de error, la parte demandada nos plantea que erró el Tribunal de Circuito de Apelaciones al tomar en consideración la carta suscrita por el codemandado Cerezo el 18 de agosto de 1993. En específico, los demandados cuestionan si puede el Tribunal de Circuito de Apelaciones basar su decisión en evidencia cuya admisión fue denegada por el tribunal de primera instancia por la misma no constituir "evidencia nueva" que no pudo ser descubierta anteriormente. Según los demandados, a esto se añade el agravante de que a nivel apelativo, la parte contra quien se admite dicha evidencia no puede confrontarse con la misma ni refutarla.

▆▆ Las Reglas de Procedimiento Civil establecen que los tribunales podrán ordenar la celebración de un nuevo juicio "cuando se descubriere evidencia esencial la cual, a

---

nes evadía al emplazador y en otras evitaba su acceso tanto en la casa como en su oficina aún [sic] cuando tenía conocimiento [de] que se estaban realizando gestiones para emplazarlo". Íd., pág. 7.

El tribunal apelativo aclaró que no obstante los hechos determinados por el tribunal de instancia sobre la falta de diligencia de FirstBank, existía base en el expediente para sostener que hubo justa causa para aceptar los emplazamientos diligenciados el 4 de agosto de 1994. Concluyó que el tribunal había adquirido jurisdicción sobre la parte demandada.

pesar de una diligencia razonable, no pudo descubrirse ni presentarse en el juicio". Regla 48.1(a) de Procedimiento Civil, ante.

■ Cuando la moción de nuevo juicio se basa en el descubrimiento de "prueba nueva", ésta podrá presentarse antes de que expire el término para apelar, siempre y cuando la parte promovente notifique a la otra parte, se celebre una vista y el promovente demuestre haber ejercitado debida diligencia. Regla 48.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Riley v. Rodríguez de Pacheco*, 119 D.P.R. 762 (1987); *Antonetti v. Fernández García*, 68 D.P.R. 482 (1948).

■ La parte que solicita el nuevo juicio debe demostrar además que: (1) la prueba recién descubierta no es acumulativa ni repetitiva, sino que es esencial para resolver el caso; (2) dicha prueba, de ser admitida, cambiaría el resultado del pleito; *Riley v. Rodríguez de Pacheco*, ante; *Pueblo v. Cabrera*, 59 D.P.R. 135 (1941); *Capital Merchandise Co. v. Gerardino & Co. et al.*, 31 D.P.R. 5 (1922); *Collazo v. The Juncos Central Co.*, 16 D.P.R. 140 (1910); *Hernández v. Mangual et al.*, 16 D.P.R. 77 (1910), y (3) *la prueba, y no simplemente su pertinencia, ha sido descubierta luego de concluido el juicio.* Véase, en general, J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1988, Vol. II, págs. 261–262.

■ En ocasiones anteriores, este Tribunal ha resuelto que "[l]a concesión o denegación de un nuevo juicio descansa en la sana discreción del tribunal sentenciador". *Carrión v. Sampedro*, 74 D.P.R. 413, 415 esc. 1 (1953). Véanse: *Riley v. Rodríguez de Pacheco*, ante; *Ruiz Pérez v. Tribunal Superior*, 94 D.P.R. 416 (1967); *García v. Vázquez*, 51 D.P.R. 899 (1937); *Delannoy v. Blondet*, 22 D.P.R. 235 (1915); *Fajardo et al. v. Tió*, 17 D.P.R. 338 (1911); *Viso v. Porto Rico Sugar Company*, 16 D.P.R. 788 (1910); *Silva v. Salamanca et al.*, 14 D.P.R. 543 (1908). Además, que las mociones de nuevo juicio fundadas en prueba nueva son,

por lo general, miradas con desconfianza o sospecha por las cortes. *Silva v. Salamanca et al.*, ante.

 Por otro lado, para poder sostener con éxito una revisión de una resolución denegatoria de nuevo juicio, es necesario demostrar que el tribunal abusó del ejercicio de su facultad discrecional al denegar dicha moción, *Körber & Co., Inc. v. Aboy, Vidal & Co., Inc.*, 27 D.P.R. 429 (1919); *Delannoy v. Blondet*, ante; *Benet v. Hernández*, 22 D.P.R. 348 (1915); *Rivero et al. v. Hernández et al.*, 17 D.P.R. 904 (1911); *Fajardo et al. v. Tió*, ante; *Viso v. Porto Rico Sugar Company*, ante; *Silva v. Salamanca et al.*, ante; o que se cometió una injusticia manifiesta al denegar la misma. *Fajardo et al. v. Tió*, ante.

En el caso de autos, la parte demandante no probó las gestiones que realizó antes de la vista para encontrar la carta. Según surge del expediente, la abogada que representaba al demandante era la licenciada Luna del Bufete Látimer, Biaggi, Rachid & Godreau. La carta en cuestión se dirigió al licenciado Látimer y ésta, alegadamente, se archivó en un expediente personal. Por lo que, arguye el demandante, al no constar en el expediente judicial del caso, la licenciada Luna no se percató de su existencia.

Sin embargo, quien compareció a la vista evidenciaria fue el licenciado Látimer, persona a quien se dirigió la misiva y quien seguramente debió haberla leído antes de ordenar su archivo en el expediente personal. Esto es, al momento de la vista, el licenciado Látimer tenía conocimiento de la existencia de la carta y omitió presentarla en evidencia. Asimismo, FirstBank no probó la esencialidad de la comunicación ni cómo la misma cambiaría el resultado del caso.[7] Además, dicha carta constituía prueba

---

[7] En su parte pertinente, la carta lee como sigue:

"Estimado Carlos:

"Acabo de hablar con Luis Beauchamp, quien me ha indicado que espera cerrar la transacción que estoy garantizando el próximo miércoles.

"Como recordarás, el Banco tuvo problemas con la tasación y le tardó más de dos meses. De todos modos, *agradecería que coordines con la persona en tu oficina que me ha ajotado un emplazador detrás* para una situación que se arregló desde

acumulativa, puesto que ya se había presentado evidencia tendente a probar que el licenciado Cerezo tenía conocimiento de que se le estaba emplazando.([8])

Por tanto, concluimos que el tribunal de primera instancia no abusó de su discreción al denegar la moción de nuevo juicio y que erró el Tribunal de Circuito de Apelaciones al no solo determinar que dicha carta constituía, a los fines de la Regla 48.1(a) de Procedimiento Civil, ante, "evidencia nueva" que sostiene la celebración de un nuevo juicio sino que, además, al tomar en consideración la misma para determinar, desde el estrado apelativo, la existencia de "justa causa" bajo las disposiciones de la Regla 4.3 de Procedimiento Civil, ante.

## III

Lo anteriormente expuesto no dispone totalmente del caso de epígrafe; réstanos considerar la interrogante de si procedía que se diera por desistida, con perjuicio, a la parte demandante de su reclamación.

■ Constituye parte del debido procedimiento de ley que se notifique al demandado de toda reclamación en su contra para que tenga la oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor. El emplazamiento es el mecanismo procesal mediante el cual se notifica al demandado que existe un procedimiento judicial en su contra. Además, por medio de éste, el tribunal adquiere jurisdicción sobre su persona.

■ Las Reglas de Procedimiento Civil contienen una serie de requisitos de cumplimiento estricto que el demandante debe seguir para diligenciar el emplazamiento.

---

hace más de tres meses y que no se ha podido cerrar por problemas en el banco. Agradeceré que cotejes con Beauchamp ó [sic] con Aponte.

"Saludos,

"Benny Frankie Cerezo" (Énfasis suplido.) Apéndice, Anejo 10, pág. 36.

([8]) Véase escolio 2, para un resumen de la prueba testifical presentada por la parte demandante.

Véase la Regla 4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. De no cumplirse estrictamente con los requisitos para el emplazamiento, el tribunal no adquiere jurisdicción sobre la persona del demandado. *Rodríguez v. Nasrallah*, 118 D.P.R. 93 (1986); *Pagán v. Rivera Burgos*, 113 D.P.R. 750 (1983).

■ En relación con los requisitos que al respecto se imponen al demandante, la Regla 4.3(b) de Procedimiento Civil, ante, dispone que:

> (b) El emplazamiento será diligenciado en el término de seis (6) meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original o su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora por desistida con perjuicio.

De conformidad con la citada regla y su jurisprudencia interpretativa, los tribunales tienen discreción para prorrogar el término provisto para diligenciar el emplazamiento por un período razonable, aun expirado el plazo de seis (6) meses, siempre y cuando la parte que lo solicita demuestre *justa causa* para ello y no haya abuso de discreción por parte del tribunal. *López v. Porrata-Doria*, 140 D.P.R. 96 (1996); *Pietri González v. Tribunal Superior*, 117 D.P.R. 638 (1986); *Banco Metropolitano v. Berríos*, 110 D.P.R. 721 (1981).

■ Por tanto, la concesión de la prórroga dependerá de la discreción del tribunal si entiende que existe justa causa para concederla o si medió negligencia excusable por parte del demandante. *In re Fernández Torres*, 122 D.P.R. 859 (1988); *Ortalaza v. F.S.E.*, 116 D.P.R. 700 (1985); *Lugo v. Municipio de Bayamón*, 111 D.P.R. 679 (1981); *Banco Metropolitano v. Berríos*, ante.

■ Ahora bien, hemos sostenido que recae sobre el demandante la carga de justificar, con referencia a los he-

chos y las circunstancias del caso, la razón o el motivo para su inacción dentro del término original. *Ortalaza v. F.S.E.*, ante. La moción solicitando prorrogar el plazo debe exponer, específicamente y de manera afirmativa, la razón determinante de justa causa para extender el término ya vencido; justificación que necesariamente debe estar atada al sentido de justicia que impregna la reclamación del promovente. *Lugo v. Municipio de Bayamón*, ante.

En el caso que hoy revisamos, los emplazamientos fueron expedidos el 20 de noviembre de 1992, día de la radicación de la demanda. Como consecuencia de la orden de mostrar causa para no desestimar por inactividad, es que FirstBank solicita, el 20 de mayo de 1993, prorrogar el término para emplazar a los demandados. El foro de instancia consideró justa causa para ampliar el referido término las negociaciones transaccionales que se habían estado llevando a cabo entre las partes. Por tal razón, le concedió un plazo adicional de sesenta (60) días al demandante.

FirstBank "diligencia" los emplazamientos diecisiete (17) días después de haber vencido la referida prórroga. Además de tardío, dicho diligenciamiento es contrario a la Regla 4.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Según se dispone en esta regla, cuando se trata de una persona mayor de edad, el diligenciamiento se hará entregándole copia del emplazamiento y de la demanda *a ella personalmente,* o a un agente autorizado por ella o designado por ley para recibir emplazamientos. De tratarse de una corporación privada, el diligenciamiento se realizará entregándole copia del emplazamiento y la demanda a un oficial, gerente administrativo o agente general, o a cualquier otro agente autorizado por nombramiento o designado por ley para recibir los mismos. En el caso ante nos, el diligenciamiento *no* se hizo en la persona del codemandado Cerezo, *ni* se entregó copia del emplazamiento a ningún oficial o agente autorizado de Inmobiliaria Nacional, Inc. Más bien, el emplazador se limitó a dejar los emplaza-

mientos en el escritorio de la secretaria del licenciado Cerezo.[9]

Así las cosas, el tribunal *vuelve* a expedir nuevos emplazamientos y el demandante *vuelve* a incumplir con la prórroga otorgada por el foro judicial. En esta ocasión, First-Bank adujo como justa causa para no cumplir con el término la mala fe del codemandado Cerezo al esconderse y no dejarse emplazar. El demandante expone, por medio de las declaraciones juradas de los diversos emplazadores que contrató, todas las gestiones infructuosas que realizó para emplazar al demandado, sin que éste se dejara emplazar.

■ Existen varias razones por las cuales *no* podemos favorecer la contención de la parte demandante. En primer lugar, en forma alguna viene obligado un demandado a cooperar con el demandante en la realización por éste del diligenciamiento del emplazamiento. *A.F.F. v. Tribunal Superior*, 99 D.P.R. 310 (1970). Los demandados tienen un derecho a ser emplazados conforme a derecho y existe en nuestro ordenamiento jurídico una política pública de que la parte demandada debe ser emplazada debidamente para evitar el fraude y que se utilicen procedimientos judiciales para privar a una persona de su propiedad sin el debido proceso de ley. Esta política pública pone todas las exigencias y requisitos sobre los hombros del demandante, no sobre los del demandado.

■ En segundo término, el diligenciamiento personal del emplazamiento es el método más apropiado, *pero no el único*. Se pueden utilizar otros medios para diligenciar el emplazamiento sin violar las limitaciones del debido

---

[9] Sobre este particular, el demandante sostiene que el emplazador Juan F. Rosado fue a diligenciar los emplazamientos el día 19 de agosto de 1993; llamó a la licenciada Luna y le informó que el licenciado Cerezo se encontraba en la oficina, pero que no quería coger los emplazamientos. Pensando que el licenciado Cerezo estaba en persona y al frente del emplazador, argumenta el demandante, fue que la licenciada Luna le dijo al emplazador que le "tirara" los emplazamientos al codemandado y se fuera. Según el demandante, es por esta razón que sus abogados pensaron que los demandados habían sido emplazados personalmente y conforme a derecho.

procedimiento de ley. *Rodríguez v. Nasrallah*, ante. Aunque la norma general es que el demandado debe ser emplazado personalmente, *por vía de excepción puede emplazarse por edictos* cuando concurren las circunstancias provistas en las Reglas 4.5 ó 4.7 de Procedimiento Civil, 32 L.P.R.A. Ap. III. *Hach Co. v. Pure Water Systems, Inc.*, 114 D.P.R. 58 (1983).

Una de las situaciones en que se permite emplazar a un demandado mediante la publicación de edictos es cuando la persona a ser emplazada, estando en Puerto Rico, no puede ser localizada después de realizadas las diligencias pertinentes, o *se ocultare para no ser emplazada*. Regla 4.5 de Procedimiento Civil, ante. Si el demandante le demuestra al tribunal mediante declaración jurada dichas circunstancias, con expresión de las diligencias realizadas, y apareciere también de dicha declaración, o de la demanda jurada presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden disponiendo que el emplazamiento se haga por edicto. Regla 4.5 de Procedimiento Civil, ante. Véanse, además: *Reyes v. Oriental Fed. Savs. Bank*, 133 D.P.R. 15 (1993); *Rodríguez v. Nashrallah*, ante; *Pagán v. Rivera*, ante. No entendemos por qué la parte demandante, ante la dificultad de emplazar al codemandado Cerezo, no solicitó al tribunal que dictara una orden permitiendo emplazarlo mediante edictos.

Atendido lo expresado anteriormente, resulta forzoso concluir que en el presente caso *no* existía justa causa para diligenciar los emplazamientos fuera de los plazos concedidos por el tribunal de instancia. *FirstBank incumplió crasamente con los términos otorgados, carecía de justa causa para así actuar y su negligencia es inexcusable*. Erró el foro apelado al revocar la sentencia dictada por el tribunal de primera instancia.

Por los fundamentos antes expresados, *concluimos que se cometieron los dos errores señalados por los apelantes.*

*En consecuencia, se dictará sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones, Circuito Regional I, dándose por desistida, con perjuicio, la demanda radicada.*

El Juez Asociado Señor Andréu García no intervino. El Juez Asociado Señor Negrón García se inhibió.