ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| JULIO HIRAM GARCÍA PÉREZ<br><br>Apelado<br><br>v.<br><br>ANN MARIE SANTANA SANTOS<br><br>Apelante | KLAN202400121 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Germán<br><br>Civil Núm.: I3RF201400053<br><br>Sobre: Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de julio de 2024.

Comparece ante nos la señora Ann Marie Santana Santos mediante el presente recurso de *Apelación* y nos solicita que revoquemos la *Sentencia Enmendada* mediante *Resolución* emitida por el Tribunal de Primer Instancia, Sala Superior de San Germán (en adelante, TPI), el 22 de diciembre de 2023 y notificada 11 de enero de 2024. En el aludido escrito, el TPI modificó las determinaciones de hechos número 24 y 32 y declaró **No Ha Lugar** la solicitud de determinaciones de hechos adicionales, modificaciones de conclusiones de derecho, conclusiones adicionales, moción de reconsideración y solicitud de nuevo juicio dejando vigente la determinación de **No Ha Lugar** sobre la Reconvención para declarar nulo el matrimonio.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia Enmendada.*

**I.**

El 25 de abril de 2014, el señor Julio Hiram García Pérez presentó ante el TPI una *Demanda* solicitando la disolución del

Número Identificador

SEN2024 _____

vínculo matrimonial entre él y la señora Santana Santos por la causal de ruptura irreparable.[1]

El 10 de junio de 2014, la demandada presentó su *Contestación a la demanda y reconvención.*[2] En síntesis, la señora Santana Santos arguyó que no procedía el divorcio pues el matrimonio era inexistente y nulo porque nunca se consumó, según establece la iglesia católica. De igual forma, alegó que procedía la nulidad del matrimonio pues al haber actuado de mala fe el demandante, por haberla engañado y por no haberse consumado como establece la iglesia católica el matrimonio entre ambos era nulo.[3] Por su parte, la demandada expuso que presentó una *Solicitud de Nulidad de Matrimonio en el Tribunal Interdiocesano de Ponce y Mayagüez.*[4] Finalmente, reclamó que se concedieran $100,000.00 dólares en concepto de daños y perjuicios.[5]

Por otro lado, el 10 de julio de 2014 el señor García Pérez presentó su *Contestación a la reconvención.*[6] En resumen, el demandante arguyó que no procedía la declaración de nulidad del matrimonio de este, pues la alegada no consumación no es una de las causales para declarar nulo un matrimonio y, si fuese anulable, la acción invocada en la reconvención ya estaba prescrita por tratarse de una acción personal.[7] De igual forma, alegó que nunca fue notificado de una acción eclesiástica alguna y de haber ocurrido esta acción era inmaterial e impertinente al caso de marras.[8]

---

[1] Apéndice de la parte apelante, 2 en las págs.2-3.
[2] Apéndice de la parte apelante, 3 en las págs.4-10.
[3] *Íd.*
[4] *Íd.*
[5] *Íd.*
[6] Apéndice de la parte apelante, 4 en las págs.11-14.
[7] *Íd.*
[8] *Íd.*

Luego de haberse celebrado juicio en su fondo el 8 y 16 de octubre de 2014[9], y justo antes de dictarse sentencia, la demandada presentó ante el TPI una *Moción ofreciendo prueba y en apoyo a nulidad solicitada.*[10] En síntesis, la señora Santana Santos alegó que obtuvo prueba médica que sustenta sus alegaciones bajo juramento en cuanto a que no se consumó el matrimonió, por lo que presentó mediante escrito una copia del *Examen Físico* realizado por el galeno Dr. Radamés C. Román Grau, quien no estuvo disponible para el juicio.[11] Por tal razón solicitó al Tribunal que aceptara el "ofrecimiento de prueba" o en su defecto, cuando aquilatara toda la prueba, decretará nulidad del matrimonio.[12]

Así las cosas, el 9 de marzo de 2015, el señor García Pérez presentó su *Oposición a moción ofreciendo prueba y en apoyo a nulidad solicitada y solicitud de eliminación y desglose de evidencia.*[13] En resumen, el demandante alegó que procedía que se desglosará la evidencia adjunta en el escrito *Moción ofreciendo prueba y en apoyo a nulidad solicitada,* pues ésta pretende presentar dicha evidencia luego de haber concluido el juicio en su fondo y en violación a su debido proceso de ley.[14] Igualmente, el demandante sostuvo sus argumentos, de que no le asistía razón a la demandada en sus argumentos de nulidad de matrimonio por la no consumación pues en nuestro ordenamiento jurídico no procedía tal planteamiento y no era de aplicación el derecho canónico en los hechos ante la consideración del foro primario.[15]

El 30 de septiembre de 2015, notificado el 27 de octubre del mismo año, el TPI emitió una *Relación del caso, determinaciones de*

---

[9] Véase Transcripción de la Prueba Oral del 8 y 16 de octubre de 2014 (en adelante TPO).
[10] Apéndice de la parte apelante, 5 en las págs. 15-20.
[11] *Íd.*
[12] *Íd.*
[13] Apéndice de la parte apelante, 6 en las págs. 21-25.
[14] *Íd.*
[15] *Íd.*

*hechos, conclusiones de derecho y sentencia.*[16] En el aludido escrito, el foro primario realizó treinta y cinco (35) determinaciones de hechos y declaró **Ha Lugar** la demanda y **No Ha Lugar** la reconvención sobre nulidad de matrimonio. En síntesis, el TPI razonó que para que un matrimonio pueda declararse nulo hay que examinar los requisitos que estuvieron presentes al momento de la celebración de este y al realizar dicho análisis encontró que se celebró un matrimonio válido entre las partes por lo que no procedía dictar su nulidad.[17] Sobre la prueba presentada luego de celebrado el juicio, el TPI expresó "[l]a parte demandada pretende incluir una certificación médica que no fue anunciada ni estuvo disponible durante el desfile de prueba, en total inobservancia a los requisitos del derecho probatorio".[18] De igual forma expresó que "[e]l matrimonio eclesiástico válidamente celebrado produce efectos civiles".[19]

Inconforme, el 12 de noviembre de 2015, la señora Santana Santos presentó su *Moción solicitando modificaci[ó]n a determinaciones de hechos y a conclusiones de derecho y en solicitud de determinaciones de hechos y conclusiones de derecho adicionales, moci[ó]n de reconsideraci[ó]n y en solicitud [s]e dicte sentencia enmendada de conformidad a todo lo anterior y en su defecto, solicitud de nuevo juicio.*[20] En primer lugar, solicitó que enmendaran las determinaciones de hechos cinco (5), seis (6), veintidós (22), veintitrés (23), veinticuatro (24), veintiséis (26), veintisiete (27), treinta (30), treinta y dos (32) y treinta y cuatro (34).[21] De igual forma solicitó que se realizaran determinaciones de hechos y de derecho que en síntesis giraban en torno a la no

---

[16] Apéndice de la parte apelante, 7 en las págs. 26-34.
[17] *Íd.*
[18] *Íd.*
[19] *Íd.*
[20] Apéndice de la parte apelante, 8 en las págs. 35-44.
[21] *Íd.*

consumación del matrimonio y la nulidad de este.[22] Sobre la prueba presentada luego de finalizado el juicio en su fondo alegó que fue traída luego de desfilada la prueba pues tras una diligencia razonable no pudo presentarse el día del juicio.[23]

Por su lado, el 14 de diciembre de 2015, el demandante presentó su *Contestación a moción solicitando modificación a determinaciones de hechos y conclusiones de derecho y en solicitud de determinaciones de hechos y conclusiones de derecho adicionales, oposición a moción de reconsideración y en solicitud se dicte sentencia enmendada de conformidad a todo lo anterior, y en su defecto, solicitud de nuevo juicio.*[24] En síntesis, el señor García Pérez se opuso a la moción presentada por la demandada y sostuvo su planteamiento de que en nuestro ordenamiento jurídico la no consumación del matrimonio no es una causal para declarar nulo un matrimonio.[25] Respecto a la prueba presentada por la señora Santana Santos luego de celebrado el juicio en su fondo, arguyó que la conclusión emitida por el TPI fue una correcta y que la actuación de la señora Santana Santos pretende violar el debido proceso de ley de este al presentarse prueba que no puede confrontar.[26]

Luego de celebrada una vista para discutir las mociones presentadas en el TPI el 25 de abril de 2016, el 13 de mayo de 2016 la señora Santana Santos presentó una *Moción en cumplimiento de orden.*[27] En el aludido escrito, la demandada sostuvo su solicitud presentada bajo el escrito *Moción solicitando modificaci[ó]n a determinaciones de hechos…*[28]

---

[22] *Íd.*
[23] *Íd.*
[24] Apéndice de la parte apelante, 9 en las págs. 45-61.
[25] *Íd.*
[26] *Íd.*
[27] Apéndice de la parte apelante, 11 en las págs. 63-75.
[28] *Íd.*

El 1 de febrero de 2018, la demandada presentó una *Urgente moci[ó]n en ofrecimiento de nueva prueba y reiterando la solicitud de determinaciones de hechos y determinaciones de derecho y en solicitud de determinaciones de hechos y conclusiones de derecho adicionales, moci[ó]n de reconsideración y en solicitud se dicte sentencia enmendada de conformidad a todo lo anterior y en su defecto, solicitud de nuevo juicio.*[29] En síntesis, la señora Santana Santos sostuvo los planteamientos y solicitudes hechas en el escrito *Moción solicitando modificaci[ó]n a determinaciones de hechos...*[30] De igual forma, expuso que obtuvo una *Comunicación de dispensa de rato y no consumado* del Tribunal Diocesano de Mayagüez por lo que lo presentó mediante el aludido escrito en ofrecimiento de prueba y alegó que dichos documentos cambiarían el resultado del pleito.[31] La demandada arguyó que si la iglesia católica decretó nulo el matrimonio no había impedimento de que el TPI considere igualmente nulo dicho matrimonio.[32]

Así las cosas, el 27 de febrero de 2018, el demandante presentó su *Contestación a urgente moción en ofrecimiento de nueva prueba y reiterando la solicitud a determinaciones de hechos y conclusiones de derecho adicionales, moción de reconsideración y en solicitud se dicte sentencia enmendada de conformidad a todo lo anterior y en su defecto, solicitud de nuevo juicio.*[33] En resumen, el señor García Pérez solicitó que se desglosara la nueva prueba presentada por la señora Santana Santos por no haber pasado por el crisol del Tribunal y en contravención de su debido proceso de ley de poder confrontar dicha prueba.[34]

Luego de varios tramites procesales, el 22 de diciembre de 2023 y notificado el 11 de enero de 2024 el TPI emitió una

---

[29] Apéndice de la parte apelante, 12 en las págs. 76-81.
[30] *Íd.*
[31] *Íd.*
[32] *Íd.*
[33] Apéndice de la parte apelante, 13 en las págs. 82-88.
[34] *Íd.*

*Sentencia Enmendada.*[35] En aludido escrito, el TPI modificó las determinaciones de hechos número veinticuatro (24) y treinta y dos (32) y declaró No Ha Lugar la solicitud de determinaciones de hechos adicionales, la modificación de conclusiones de derecho y conclusiones de derecho adicionales, la moción de reconsideración y la solicitud de nuevo juicio formuladas por la señora Santana Santos.[36] El foro primario mantuvo su razonamiento de que la no consumación del matrimonio no es razón en nuestro sistema jurídico para declarar nulo un matrimonio.[37] De igual forma, expresó que tampoco era una causa de nulidad del matrimonio las "falsas promesas" entre cónyuges.[38] Finalmente el TPI concluyó que no procedía la celebración de un nuevo juicio bajo el fundamento de que se descubrió prueba nueva, pues la demandada no cumplió con el requisito de esencialidad exigido.[39] El foro primario razonó que los documentos presentados luego de haberse celebrado el juicio a su fondo eran puramente acumulativos y no eran esenciales, pues la no consumación del matrimonio no es un fundamentos para declararlo nulo.[40]

Inconforme, acude ante nos la señora Santana Santos mediante el presente recurso de *Apelación* y nos plantea la comisión de los siguientes errores:

> ### Primer Error
> Erró el Hon. TPI al disponer que "La parte demandada pretende incluir una Certificación médica que no fue anunciada ni estuvo disponible durante el desfile de prueba, en total inobservancia a los requisitos de derecho probatorio."
>
> ### Segundo Error
> Erró el TPI al disponer que en el presente caso la prueba no sustenta la acción de nulidad ("ab initio") solicitada por la Apelante, por razón de que las partes no sostuvieron relaciones sexuales y el matrimonio no fue consumado, rechazando la solicitud de nuevo

---

[35] Apéndice de la parte apelante, 17 y 18 en las págs. 98-119.
[36] *Íd.*
[37] *Íd.*
[38] *Íd.*
[39] *Íd.*
[40] *Íd.*

juicio ante la prueba de decreto de nulidad "ab initio" del matrimonio de las partes previo a dictarse la Sentencia Enmendada, habiendo sido decretado nulo "ab initio" por la iglesia Católica, ya que la no consumación del matrimonio, no es una de las razones de nulidad que establece nuestro ordenamiento jurídico, y por consiguiente, declarando NO HA LUGAR la misma y dictando Sentencia de divorcio por ruptura irreparable.

El 8 de mayo de 2024, compareció el señor García Pérez mediante el presente recurso de *Oposición de Apelación*. Contando con la comparecencia de ambas partes, procedemos a resolver.

## II.

### *Matrimonio*

El Código Civil de 1930, derogado pero vigente a la fecha de los hechos define matrimonio como:

> El matrimonio es una institución civil que procede de un contrato civil en virtud del cual un hombre y una mujer se obligan mutuamente a ser esposo y esposa, y a cumplir el uno para con el otro los deberes que la ley les impone. Será válido solamente cuando se celebre y solemnice con arreglo a las prescripciones de aquélla, y sólo podrá disolverse antes de la muerte de cualquiera de los dos cónyuges, en los casos expresamente previstos en este Código.[41]

Para que se entienda eficaz un matrimonio deben concurrir tres elementos esenciales, estos son: (1) **Capacidad** legal de los contratantes; (2) el **Consentimiento** de las partes y (3) la autorización y **Celebración** de un contrato matrimonial cumpliendo las formalidades y solemnidades de la ley. Artículo 69 del Código Civil del 1930, 31 LPRA sec. 231.

Los cónyuges están obligados a "...vivir juntos, guardarse fidelidad y socorrerse mutuamente" de igual forma, están obligados a "...protegerse y satisfacer sus necesidades mutuamente en proporción a sus respectivas condiciones y medios de fortuna". Artículos 88 y 89 del Código Civil de 1930, 31 LPRA secs. 281 y 282.

---

[41]Artículo 68 del Código Civil del 1930, 31 LPRA sec. 221. Este artículo anterior a la decisión *Obergefell v. Hodges*, 576 U.S. 644 (2015).

Un matrimonio se entenderá nulo cuando no se hayan observado todos los requisitos exigidos por el Código Civil, es decir, cuando los cónyuges no cuenten con: (1) la capacidad para contraer matrimonio; (2) no hayan presentado consentimiento o (3) no se haya autorizado y celebrado el matrimonio conforme a los requisitos y solemnidades que establece la ley. Artículo 110 del Código Civil de 1930, 31 LPRA sec. 411.

### *Presentación de Prueba*

En nuestro sistema jurídico, el *Derecho Probatorio* establece cuales son las normas mediante las cuales se puede presentar, admitir, rechazar y evaluar la prueba que presentan las partes en un proceso adversario. R. Emmanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, cuarta ed., San Juan, Ed. Situm, 2015, págs. 20-21.

La Regla 402 de Evidencia de Puerto Rico, 32 LPRA Ap. VI, establece que bajo nuestro ordenamiento jurídico toda evidencia pertinente es admisible, excepto cuando expresamente quede excluida por disposición de las Reglas de Evidencia, por imperativo Constitucional o mediante una ley. Mientras que la evidencia impertinente no es admisible. *Íd.* Se considera evidencia pertinente toda aquella evidencia que "tiende a hacer la existencia de un hecho, que tiene consecuencias para la adjudicación de la acción, más probable o menos probable de lo que sería sin tal evidencia". Regla 401 de Evidencia de Puerto Rico, 32 LPRA Ap. VI

La Regla 607 de Evidencia de Puerto Rico, 32 LPRA Ap. VI, regula lo relacionado al orden y modo de interrogatorios y presentación de la prueba. Bajo esta regla se le da amplia discreción al Juez o Jueza sobre la forma en que se presenta la evidencia con la finalidad de que desfile de la manera más efectiva. Regla 607 (A) (1) de Evidencia de Puerto Rico, *supra* citado Emmanuelli Jiménez, *Op. Cit.,* pág. 370. El Profesor Emmanuelli

en su obra, nos expresa que "[l]uego que se termina el proceso de presentar prueba, el Juez o Jueza, toma su determinación conforme a la evidencia que fue admitida". Emmanuelli Jiménez, *Op. Cit.,* pág. 33.

Cuando la evidencia esencial que se pretendía presentar en el juicio no pudo ser descubierta a pesar de una debida diligencia, la Regla 48.1 de Procedimiento Civil, 32 LPRA Ap. V., R.48.1, le brinda a la parte afectada la opción de presentar una moción de nuevo juicio bajo este fundamento. El Tribunal Supremo ha expresado que para que una moción de nuevo juicio bajo el fundamento de prueba nueva proceda la parte promovente debe demostrar:

> (1) la prueba recién descubierta no es acumulativa ni repetitiva, sino que es esencial para resolver el caso; (2) dicha prueba, de ser admitida, cambiaría el resultado del pleito; (3) *la prueba*, y no simplemente su pertinencia, ha sido descubierta luego de concluido el juicio.[42]

La denegatoria o concesión de este nuevo juicio quedara bajo discreción del foro primario. *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 911 (1998) (citas omitidas).

### III.

En el caso ante nuestra consideración la parte apelante nos señala que erró el foro sentenciador al disponer que la prueba presentada no sustentaba una causa de acción de nulidad de matrimonio, rechazando de igual modo la moción de nuevo juicio y declarando Ha Lugar el divorcio por ruptura irreparable. No le asiste razón, veamos.

Somos de la posición de que en nuestro ordenamiento jurídico el matrimonio, bajo el Código Civil del 1930 e incluso bajo el Código Civil del 2020, se entenderá nulo cuando no se hayan

---

[42] *First Bank of P.R. v. Inmob. Nac., Inc.,* 144 DPR 901, 911 (1998) (citas omitidas).

observado todos los requisitos exigidos por el Código Civil.[43] Es decir, un matrimonio es nulo cuando los cónyuges no cuenten con: (1) la capacidad para contraer matrimonio; (2) no hayan presentado consentimiento o (3) no se haya autorizado y celebrado el matrimonio conforme a los requisitos y solemnidades que establece la ley.[44]

En el caso ante nuestra consideración la parte apelante nos intenta presentar la no consumación del matrimonio (no tener relaciones causales) como una causal para declarar nulo un matrimonio, pues según el Derecho Canónico que rige la Iglesia Católica este es una causal para declara nulo un vinculo matrimonial. Luego de revisado el legajo judicial, los escritos presentados y las Transcripciones de Prueba Oral, no nos convence la posición de la parte apelante. Debemos recordar que, conforme a nuestro Código Civil del 1930, aplicable al caso de autos, solo se reconoce la nulidad del vinculo matrimonial cuando no concurren los requisitos exigidos por el Código Civil en el matrimonio. Al no ser la consumación uno de los requisitos exigidos para formalizar el matrimonio bajo nuestro ordenamiento jurídico, concluimos de la misma forma en la que hizo el foro primario, que no procedía su planteamiento de nulidad. De igual forma, luego de revisado el expediente judicial, los escritos presentados y las Transcripciones de Prueba Oral no surge que la parte hubiera presentado prueba sobre alguno de los fundamentos antes esbozados para decretar nulo un matrimonio.

Por otro lado, y sobre la denegación de la celebración de juicio nuevo bajo el fundamento de que se descubrió prueba nueva, tampoco le asiste razón. La parte apelante presentó, luego de que se celebrara juicio en su fondo una copia del *Examen Físico*

---

[43] Véase Artículo 110 del Código Civil de 1930, 31 LPRA sec. 411; Artículo 403 del Código Civil de 2020, 31 LPRA sec. 6661.
[44] *Íd.*

realizado por el galeno Dr. Radamés C. Román Grau y una *Comunicación de dispensa de rato y no consumado* del Tribunal Diocesano de Mayagüez para que fuesen considerados por el foro primario en conjunto a la evidencia presentada en el juicio para sustentar su posición de que debía declararse nulo el matrimonio pues no había sido consumado.[45] Al esa prueba no contar con el requisito de **esencialidad** que es requerido para expedir la moción, no erró el foro primario al denegar celebrar un juicio nuevo pues bajo nuestro ordenamiento jurídico la no consumación no es una razón para declarar nulo un matrimonio.[46]

Por último, nos señala la parte apelante que erró el TPI al disponer que "La parte demandada pretende incluir una Certificación médica que no fue anunciada ni estuvo disponible durante el desfile de prueba, en total inobservancia a los requisitos de derecho probatorio". No le asiste razón, veamos.

Como se estableció anteriormente, la parte apelante presentó luego de celebrado el juicio a su fondo una moción donde se adjuntó una copia del *Examen Físico* realizado por el galeno Dr. Radamés C. Román Grau para que fuese considerado por el foro primario en conjunto a la evidencia presentada en el juicio.[47] Al no haber sido anunciada, presentada en el juicio y no haber estado disponible durante el desfile de la prueba hecho por las partes en las vistas celebradas no erró el foro primario al realizar la aludida expresión, al respecto las Reglas de Evidencia de Puerto Rico disponen el orden mediante el cual las partes pueden presentar su prueba y en el caso de marras no se realizó.[48]

---

[45] Véase Apéndice de la parte apelante, 5 en las págs. 15-20; Apéndice de la parte apelante, 12 en las págs. 76-81.

[46] Véase *First Bank of P.R. v. Inmob. Nac., Inc.*, supra, (citas omitidas); Artículo 110 del Código Civil de 1930, supra.

[47] Véase Artículo 110 del Código Civil de 1930, supra.

[48] Véase Regla 607 de Evidencia de Puerto Rico, 32 LPRA Ap. VI; R. Emmanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, cuarta ed., San Juan, Ed. Situm, 2015, en la pág. 33.

Por los fundamentos antes expuestos, concluimos que no erró el foro primario en ambos señalamientos de error esbozados por la parte apelante pues bajo nuestro ordenamiento jurídico no se reconoce la no consumación como una causa para declarar nulo un matrimonio, la evidencia que pretendía presentar la apelante no cumplía con el requisito de esencialidad requerido en las mociones de nuevo juicio y aludida prueba tampoco fue anunciada, presentada en el juicio y no estuvo disponible durante el desfile de la prueba como es requerido bajo las Reglas de Evidencia de Puerto Rico.

## IV.

Por los fundamentos anteriormente esbozados, confirmamos la *Sentencia Enmendada.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones