Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARIAN FÉLIX GARCÍA Y OTROS<br><br>Recurridos<br><br>V.<br><br>SUPERMERCADO AGRANEL, INC. Y OTROS<br><br>Peticionarios | KLCE202500197 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>FA2024CV00534<br><br>Sobre:<br>Daños y perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Marrero Guerrero, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de marzo de 2025.

Comparecen el Supermercado Agranel El Resuelve, Inc. (Supermercado Agranel), el señor Orlando Dipini, Fulana de Tal y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, parte peticionaria) y nos solicitan revisar una *Orden* emitida y notificada el 26 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).[1] En esta, el TPI declaró No Ha Lugar a la solicitud de la parte peticionaria de desestimar la *Demanda* instada por la señora María Félix García, el señor Ángel Luis González García y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, matrimonio González-Félix o parte recurrida) por falta de jurisdicción ante un emplazamiento inoficioso y falta de parte indispensable.

Por los fundamentos que se exponen a continuación, se adelanta la denegación de la expedición del auto de *certiorari*.

Veamos el trasfondo fáctico y procesal que sostiene nuestra determinación.

---

[1] Apéndice de *Petición de Certiorari*, Anejo XI, pág. 38.

## I.

Este caso se originó el 11 de junio de 2024, cuando el matrimonio González-Félix presentó una *Demanda* contra la parte peticionaria por daños y perjuicios.[2] En esta, alegó que la señora Félix García se cayó en el Supermercado Agranel por negligencia del establecimiento. En específico, sostuvo que el establecimiento tenía un escalón frente a la puerta de salida, sin aviso. Arguyó que, a raíz de lo anterior, la señora Félix García experimentó dolores constantes y mareos, más se le diagnosticó una fractura en la nariz y contusiones en las rodillas. Asimismo, adujo debía someterse a una cirugía maxilofacial. En consecuencia, la señora Félix García y el señor González García solicitaron una suma no inferior a $250,000.00 y $150,000.00, respectivamente.

El 16 de octubre de 2024, el TPI emitió una *Sentencia*, en la que desestimó la *Demanda* sin perjuicio por la falta de emplazamiento dentro del término de ciento veinte (120) días desde su expedición.[3]

Al día siguiente, la parte peticionaria, sin someterse a la jurisdicción del tribunal, presentó una *Moción asumiendo la representación legal y en solicitud de prórroga para alegar*.[4] Mediante esta, solicitó que el Foro Primario aceptara su representación legal y le concediera una prórroga de veinte (20) días para presentar una alegación responsiva.

Al próximo día, el 18 de octubre de 2024, el TPI emitió y notificó una *Resolución Interlocutoria*, en la que, entre otros, dejó sin efecto la *Sentencia* dictada el 16 de octubre de 2024.[5]

Subsiguientemente, el 14 de noviembre de 2024, la parte peticionaria presentó una *Solicitud de Desestimación por Falta de Jurisdicción por Emplazamiento Inoficioso y Falta de Parte*

---

[2] *Íd.*, Anejo I, págs. 1-4.
[3] *Íd.*, Anejo III, págs. 9-10. Archivada y notificada el 18 de octubre de 2024.
[4] *Íd.*, Anejo IV, págs. 11-12.
[5] *Íd.*, Anejo V, págs. 13-14.

*Indispensable.*[6] En la misma, sostuvo que el TPI carecía de jurisdicción sobre la persona de la esposa del señor Dipini y de la Sociedad Legal de Bienes Gananciales, ya que el diligenciamiento del emplazamiento resultó inoficioso. Ello, toda vez que la fecha en que el emplazador diligenció el emplazamiento personal no estaba legible, en incumplimiento con las Reglas de Procedimiento Civil, 32 LPRA Ap. V.[7] Especificó que, a pesar de que en el documento se reflejó que el emplazador juramentó el documento el 3 de octubre de 2024, ello no era indicativo de que se diligenció en igual fecha. La parte peticionaria indicó que dicho elemento era esencial para determinar si la parte recurrida diligenció el emplazamiento dentro del término de ciento veinte (120) días desde que se expidió. Esto, puesto que el 10 de octubre de 2024 era la última fecha para diligenciar el emplazamiento que se expidió el 12 de junio de 2024.

Cónsono con lo anterior, sostuvo que lo anterior implicaba la ausencia de partes indispensables sin cuya presencia resultaba imposible adjudicar la controversia, ya que el Supermercado Agranel pertenecía al señor Dipini, su esposa, y la Sociedad Legal de Bienes Gananciales compuesta por ambos. Por ello, indicó que al exceder el término reglamentario para emplazar a la parte indispensable sin que se hubiese realizado, la *Demanda* se debía desestimar.

Oportunamente, el 20 de diciembre de 2024, el matrimonio González-Félix presentó una *Oposición a la Solicitud de Desestimación.*[8] En síntesis, alegó que el argumento de la parte peticionaria carecía de mérito, ya que del dorso del emplazamiento diligenciado se desprendía claramente que se entregó el 3 de octubre de 2024, dentro del término de ciento veinte (120) días dispuesto en

---

[6] *Íd.*, Anejo VI, págs. 15-24.
[7] Hacemos notar que de una lectura del documento "Diligenciamiento por persona particular", surgió que el señor Aguedo De La Torres declaró que el 2 de octubre de 2024 recibió el emplazamiento que notificó personalmente a la señora María Crespo y la Sociedad Legal de Bienes Gananciales, el día el 3 de octubre de 2024 a las 3:00 de la tarde en Ceiba, Puerto Rico.
[8] *Íd.*, Anejo X, págs. 29-37.

la Regla 4 de Procedimiento Civil, *supra*, R. 4. Por otro lado, esgrimió que de ser cierta la alegación de que el diligenciamiento del emplazamiento no era legible, el Tribunal Supremo de Puerto Rico resolvió en *Banco Popular v. SLG Negrón*, 164 DPR 855 (2005), que un error técnico no conllevaba la drástica consecuencia de la desestimación de la *Demanda*. Por ello, puntualizó que no procedía desestimar la *Demanda*, ya que el posible defecto alegado era uno subsanable.

Sometido el asunto ante su consideración, el Foro Primario emitió y notificó una *Orden* en la que declaró No Ha Lugar a la moción de desestimación de la parte peticionaria.[9]

Inconforme, el 9 de enero de 2025, la parte demandante presentó una *Solicitud de Reconsideración*.[10] En esta, planteó que si bien la Regla 42.2 de Procedimiento Civil, *supra*, R. 42.2 disponía que no era necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho al resolver una moción de desestimación al amparo de la Regla 10 de Procedimiento Civil, *supra*, R. 10, resultaba necesario conocer los fundamentos por los cuales el TPI entendió que adquirió jurisdicción sobre sus personas. En este sentido, reiteró que no se consignó la fecha en que se diligenció el emplazamiento que se entregó a la esposa del señor Dipini y la Sociedad Legal de Bienes Gananciales. Alegó que el incumplimiento con la Regla 4.4(6) de Procedimiento Civil, *supra*, R.4.4(6), convirtieron en nulos los emplazamientos diligenciados y provocó que el TPI continuara sin tener jurisdicción sobre la esposa del señor Dipini y la Sociedad Legal de Bienes Gananciales, quienes eran parte indispensable en el pleito. Expuso que, en esta etapa de los procedimientos, la deficiencia en los emplazamientos resultó insubsanable, toda vez que transcurrieron doscientos once (211) días

---

[9] *Íd.*, Anejo XI, pág. 38.
[10] *Íd.*, Anejo XII, págs. 39-43.

desde su expedición. Además, expresó que las cualidades ininteligibles del manuscrito del emplazador eran tan severas que el emplazamiento juramentado fue cumplimentado con una letra distinta a la del emplazador y con sellos de goma con sus datos preimpresos.

Posteriormente, el 27 de enero de 2025, la parte recurrida presentó una *Oposición a la Solicitud de Reconsideración*.[11] En suma, reiteró que la consignación del diligenciamiento del emplazamiento no era ilegible, ya que claramente se desprendió que el 3 de octubre de 2024 a las 3:00 de la tarde se le entregó el emplazamiento a la señora María Crespo y a la Sociedad Legal de Bienes Gananciales. Sin embargo, reafirmó que aun si el diligenciamiento fue defectuoso, no procedía la desestimación de la *Demanda* por ser subsanable.

Así las cosas, el 28 de enero de 2025, el TPI emitió y notificó una *Orden* en la que se pronunció No Ha Lugar con respecto a la solicitud de reconsideración.[12]

Aún inconforme, el 27 de febrero de 2025, la parte peticionaria presentó el presente recurso de *certiorari*, en el que puntualizó que el TPI incidió en cometer los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN, POR FALTA DE JURISDICCIÓN, A PESAR DEL CLARO INCUMPLIMIENTO DE LA PARTE DEMANDANTE CON TODOS LOS REQUISITOS ESTRICTOS QUE EXIGE [LA] REGLA 4.4 DE LAS DE PROCEDIMIENTO CIVIL PARA EL DILIGENCIAMIENTO PERSONAL EFECTIVO.
>
> **SEGUNDO ERROR:** ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN, SIN TAN SIQUIERA CELEBRAR UNA VISTA EVIDENCIARIA QUE LE PERMITIERA RECIBIR PRUEBA TESTIFICAL Y DOCUMENTAL SOBRE LA ILEGIBILIDAD DEL MANUSCRITO PLASMADO AL DORSO DEL EMPLAZAMIENTO Y SOBRE LA APTITUD DEL EMPLAZADOR PARA DILIGENCIARLO.
>
> **TERCER ERROR:** ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE DESESTIMACIÓN, POR FALTA DE JURISDICCIÓN, SIN EXPLICAR LAS RAZONES, NI LOS FUNDAMENTOS LEGALES POR LOS CUALES ENTIENDE QUE ADQUIRIÓ JURISDICCIÓN SOBRE TODAS LAS PARTES.

---

[11] *Íd.*, Anejo XIV, págs. 45-48.
[12] *Íd.*, Anejo XV, pág. 49.

En lo esencial, la parte peticionaria planteó que el emplazamiento en controversia no tenía consignado la fecha en que se le entregó a la esposa del señor Dipini y a la Sociedad Legal de Bienes Gananciales, ya que la misma era ilegible. Manifestó que el emplazamiento juramentado que sometió la parte recurrida fue cumplimentado con una letra distinta a la del emplazador y con sellos de goma con sus datos impresos, lo que levantó serias sospechas sobre la aptitud del emplazador para escribir. Al respecto, la parte peticionaria mencionó que la Regla 4.3(a) de Procedimiento Civil, *supra*, R.4.3(a), dispone que toda persona que diligenciara un emplazamiento debía, entre otros, saber leer y escribir. Ante ello, esgrimió que debido el incumplimiento con los requisitos reglamentarios para adquirir jurisdicción sobre la parte demandada, el TPI estaba impedido de despachar la controversia ligeramente. Ello, ya que debió solicitar documentos adicionales o celebrar una vista evidenciaria que le permitiera resolver cuál dificultad afectaba la capacidad del emplazador escribir.

Además, la parte peticionaria arguyó que al sobrepasar el término reglamentario de ciento veinte (120) días para emplazar a la esposa del señor Dipini y a la Sociedad Legal de Bienes Gananciales, la *Demanda* se debía desestimar automáticamente por la falta de jurisdicción sobre sus personas y por la falta de partes indispensables. Lo anterior, al alegar que el establecimiento donde la señora Félix-García alegó que sufrió un accidente pertenecía al señor Dipini, a su esposa, y a la Sociedad Legal de Bienes Gananciales, quienes se afectarían de advenir una determinación adversa. Por todo lo anterior, nos solicitó revocar la *Orden* recurrida y desestimar la *Demanda* en su contra. En la alternativa, solicitó que ordenásemos al TPI la celebración de una vista evidenciaria a los fines de determinar si el emplazador estaba apto para escribir.

Por su parte, el matrimonio González-Félix esbozó que la solicitud de desestimación de la parte peticionaria carece de méritos, ya que el diligenciamiento del emplazamiento de Fulana de Tal y a la Sociedad Legal de Bienes Gananciales cumplió con los requisitos de la Regla 4.4 de Procedimiento Civil, *supra*, R. 4.4. Asimismo, puntualizó que el TPI actuó dentro del marco de su discreción al denegar la solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, sin celebrar una vista evidenciaria y sin plasmar sus fundamentos. Expresó que del dorso del emplazamiento surge claramente que lo diligenció el señor Aguedo De La Torres, quien lo recibió el 2 de octubre de 2024 y lo notificó a la señora María Crespo y a la Sociedad Legal de Bienes Gananciales el 3 de octubre de 2024 a las 3:00 de la tarde en Ceiba. Además, precisó que el emplazador certificó el diligenciamiento del emplazamiento en igual fecha, el 3 de octubre de 2024, mediante una juramentación efectuada ante una funcionaria del Tribunal.

La parte recurrida adujo que evidentemente el emplazador sabía leer y escribir, por lo que cuestionó que se tratase de crear duda, sin evidencia alguna, sobre la capacidad del emplazador de escribir. Alternativamente, indicó que si emplazamiento se diligenció incorrectamente, el remedio apropiado era ordenar repetir el proceso, sin que constituya una violación de derecho de las partes o proceda la invalidación del emplazamiento.

En atención a los señalamientos de error, procedemos a exponer la normativa jurídica aplicable a este recurso.

**II.**

**A. *Certiorari***

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise las determinaciones de un tribunal inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821,

846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Contrario al recurso de apelación, el foro apelativo posee la facultad discrecional de expedir o denegar el auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*, pág. 847.

La Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, dispone taxativamente las instancias en las que el Tribunal de Apelaciones posee autoridad para expedir el auto de *certiorari* sobre un asunto interlocutorio civil. *McNeill Healthcare LLC v. Municipio De Las Piedras, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). En lo pertinente, si el asunto interlocutorio planteado no se encuentra dentro de las instancias que el ordenamiento jurídico otorga autoridad para intervenir, no se puede atender la controversia. La referida Regla dispone que el este foro apelativo intermedio solamente expedirá un recurso de *certiorari* relacionado a una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, R. 56 y 57 o a la denegación de una moción de carácter dispositivo. Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

A su vez, a modo de excepción, este tribunal puede revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la que esperar a la apelación constituye un fracaso irremediable de la justicia. *Íd.*

El propósito de esta regla es evitar la dilación que causaría la revisión judicial de las controversias que se podrían plantear en una

apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra,* pág. 486; *800 Ponce de León v. AIG, supra,* pág. 175; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593-594 (2011). Ahora bien, "el hecho de que un asunto esté comprendido dentro de las materias susceptibles a revisión no justifica la expedición del auto sin más". *Medina Nazario v. McNeill Healthcare LLC, supra.*

Por otro lado, la Regla 40 del *Reglamento del Tribunal de Apelaciones,* 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos considerar en el ejercicio de la facultad discrecional al atender una petición de *certiorari.* A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En la eventualidad que el tribunal apelativo deniegue la expedición del auto de *certiorari,* no será necesario exponer las razones para tal determinación. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 594; *IG Builders et al. v. BBVAPR, supra,* pág. 336. En tal caso, el foro apelativo intermedio no asume jurisdicción sobre el asunto planteado ni dispone del mismo en sus méritos. *Torres González v. Zaragoza Meléndez, supra,* pág. 848; *McNeill Healthcare LLC v. Municipio De Las Piedras, supra,* pág. 405.

**B. Desestimación**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, permite que una persona que haya sido demandada solicite al tribunal que desestime la acción antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001). Máxime, eso aplica cuando lo que se alega es que el Tribunal no adquirió jurisdicción por falta de emplazamiento. *Collazo Muñiz v. New Fashion World Corporation*, 2025 TSPR 22, 215 DPR___ Opinión de 13 de marzo de 2025.

**C. Emplazamiento**

El emplazamiento es un mecanismo procesal cuyo propósito es notificar a la parte demandada sobre la existencia de una reclamación en su contra para que formule sus alegaciones y quede obligado por el dictamen que finalmente emita el tribunal. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 213 DPR 481 (2024); *Natal Albelo v. Romero Lugo y otros*, 206 DPR 465, 477 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021); *Banco Popular v. SLG Negrón*, 164 DPR 855, 863 (2005); *Rivera v. Jaume*, 157 DPR 562 (2002); R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Lexis Nexis, 2017, pág. 256. A su vez, el Tribunal adquiere jurisdicción sobre la persona de la parte demandada. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 647 (2021).

En tal sentido, el emplazamiento es una exigencia del debido proceso de ley. *Banco Popular v. SLG Negrón, supra*; *First Bank of PR v. Inmob. Nac., Inc.*, 144 DPR 901 (1998). Pues, "[e]l emplazamiento constituye, así, el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando además el ejercicio de jurisdicción judicial". Íd. De esta forma, se requiere cumplimiento estricto de la parte demandante con las reglas sobre emplazamientos.

R. Hernández Colón, *op. cit.*, pág. 258. Por ello, la falta de un correcto emplazamiento a la parte contra la que se dicta sentencia produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 468-469 (2017).

El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la expedición del emplazamiento por edicto. Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c). Transcurrido dicho término sin que se haya efectuado el diligenciamiento del emplazamiento, el Tribunal debe decretar la desestimación y el archivo sin perjuicio. *Íd.* Una subsiguiente desestimación y archivo por incumplimiento con el término, tendrá el efecto de una adjudicación en los méritos. *Íd.*

En lo que nos concierne, una de las formas de diligenciar el emplazamiento es mediante la entrega personal de la demanda y del emplazamiento a la parte demandada, conocido como el emplazamiento personal. R. Hernández Colón, *op. cit.*, pág. 260. La Regla 4.4 de Procedimiento Civil, supra, R. 4.4, rige lo atinente al emplazamiento personal. A saber:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega.

El propósito de hacer constar la fecha y el lugar de entrega es garantizar a la parte demandada el punto de partida del cual comenzará a constar su término para contestar la demanda. R. Hernández Colón, *op. cit.*, pág. 262.

Expuesta la normativa jurídica aplicable, procedemos a aplicarla a los hechos que nos conciernen.

**III.**

En el presente caso, la parte peticionaria señaló que el TPI incidió al denegar su solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, por falta de jurisdicción sobre la persona de la esposa del señor Dipini y a la Sociedad Legal de Bienes Gananciales, sin celebrar una vista evidenciaria y sin plasmar sus fundamentos de su determinación. Ello, al aducir que la parte recurrida incumplió con los requisitos de la Regla 4.4 de Procedimiento Civil, *supra*, R. 4.4., por el emplazador no consignar legiblemente la fecha en que diligenció el emplazamiento en el dorso del documento. Ante ello, indicó que la *Demanda* se debía desestimar, ya que la esposa del señor Dipini y a la Sociedad Legal de Bienes Gananciales eran parte indispensables en este pleito y desconocían si fueron emplazados dentro del término de ciento veinte (120) días desde la expedición de los emplazamientos. En la alternativa, precisó que se debía celebrar una vista evidenciaria para conocer si el emplazador tenía la capacidad de escribir.

Tras un análisis sosegado de la totalidad del expediente ante nuestra consideración, a tenor con los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40 que guían nuestra discreción, determinamos abstenernos de ejercer nuestra función revisora sobre los asuntos señalados por la parte peticionaria.

No encontramos que la determinación recurrida sea irrazonable, contraria a derecho o que constituya un fracaso a la justicia. De una lectura al dorso del emplazamiento en controversia surge, de manera satisfactoria ante los ojos del TPI y de los integrantes de este Tribunal, que el señor Aguedo De La Torre declaró que notificó personalmente el emplazamiento a la señora María Crespo y la Sociedad Legal de Bienes Gananciales, el día 3 de octubre de 2024 a las a las 3:00 de la tarde en Ceiba, Puerto Rico, luego de

haber recibido el emplazamiento el día anterior. Toda vez que consideramos que la información provista en el referido documento cumple con las exigencias de la Regla 4.4 de Procedimiento Civil, *supra*, no consideramos que el TPI haya abusado de su amplia discreción al denegar la desestimación a tenor con la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, sin celebrar una vista evidenciaria ni exponer sus fundamentos.

En atención a lo anterior, declinamos la invitación de la parte peticionaria en intervenir con la determinación del Foro Primario, por lo que procede que se continúe con los procedimientos del caso ante el TPI sin mayor dilación.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones