Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Daniel Rivera Colón<br><br>Apelante<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Apelado | TA2025AP00119 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV04343<br><br>Sobre: Mandamus |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de agosto de 2025.

Comparece el señor Daniel Rivera Colón (Sr. Rivera Colón o apelante) quien es miembro de la población correccional, y nos solicita la revocación de la Sentencia emitida y notificada el 18 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). Mediante el referido dictamen, el foro primario desestimó sin perjuicio la petición de *Mandamus* instada por el apelante, toda vez que no emplazó a la parte demandada conforme a la Regla 4.4 de Procedimiento Civil, *infra.*

Por su condición de confinado, aceptamos que el Sr. Rivera Colón litigue el presente recurso *in forma pauperis.*

Luego de evaluar el recurso presentado por el apelante, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte apelada y procedemos a resolver. Véase, Regla 7(B)(5) del Reglamento del Tribunal de

Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la totalidad del expediente a la luz del estado de derecho vigente, confirmamos el dictamen apelado mediante los fundamentos que expondremos a continuación.

## I.

El 24 de junio de 2024, el Sr. Rivera Colón radicó por derecho propio un recurso de *Mandamus* en contra del Departamento de Corrección y Rehabilitación (Departamento de Corrección o agencia). En síntesis, aseveró que en el año 2023, solicitó que la agencia le suministrara la medicación y el equipo adecuado en atención a su condición de salud. Sin embargo, indicó que aún aguarda respuesta a su petición, por lo que, requirió que el organismo administrativo asumiera su deber ministerial.

Presentada su acción legal, el 30 de agosto de 2024, el Sr. Rivera Colón sometió un documento intitulado Moción Notificadora. En este escrito, indicó que no podía cumplir con el trámite de emplazamiento por razón de su confinamiento. A la luz de tal circunstancia, solicitó la asistencia del tribunal para emplazar al Departamento de Corrección.

En respuesta a su petición, el 9 de septiembre de 2024, el foro primario emitió una Orden con la siguiente directriz:

> ***Secretaría envíe el formulario del emplazamiento a la dirección postal correspondiente a la parte demandante para que este complete todos los encasillados. El demandante tendrá que devolver el proyecto de emplazamiento para ser diligenciado por conducto de alguaciles.*** (Énfasis nuestro).[1]

Así las cosas, 18 de octubre de 2024, el Sr. Rivera Colón presentó una Moción a la cual adjuntó el formulario de

---

[1] Entrada (8) del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI.

emplazamiento. En esta, aseveró que desconoce cómo completar el referido documento. Por tal motivo, peticionó la designación de un representa legal.

En vista de lo anterior, el 24 de octubre de 2024, el foro primario dictó una Orden en la que decretó que se expidiera el emplazamiento a ser diligenciado por conducto de un alguacil.[2]

En cumplimiento, el 21 de noviembre de 2024, la aguacil Roberta Jones Burgos sometió el Certificado de Diligenciamiento del emplazamiento. Surge de este documento que, el emplazamiento se diligenció el 7 de noviembre de 2024, a la licenciada Flores, quien es la agente autorizada del Departamento de Corrección.

Con posterioridad, el 23 de mayo de 2025, el apelante presentó una Moción en Solicitud de Abogado de Oficio. En esta, reiteró que desconoce cómo tramitar su caso conforme a las normas procesales. Por ende, solicitó la designación de un representante legal.

Evaluado su escrito, el 18 de junio de 2025, el TPI emitió una Orden mediante la cual declaró No Ha Lugar dicha solicitud. Ese día, a su vez, dictó la Sentencia[3], en la que desestimó sin perjuicio la acción legal del apelante. En esencia, resolvió que no emplazó a la parte demandada a tenor con el inciso (f) de la Regla 4.4 de Procedimiento Civil, *infra.*

Inconforme, el 7 de julio de 2025, el Sr. Rivera Colón recurrió ante este Tribunal mediante un escrito de Apelación en el que esboza los siguientes señalamientos de error:

> *Primer Error:  Err[ó] en la apreciación de lo que señala la Constitución "Debido proceso de Ley – Art. II, secc. II (pág. 10)".*

---

[2] Notificada el 28 de octubre de 2024.
[3] Notificada el 18 de junio de 2024.

*Segundo Error: Err[ó] al no suspender mi derecho para auto representarme.*

## II.

### A.

Nuestro ordenamiento jurídico establece que un tribunal solo actuará sobre la parte demandada cuando haya adquirido jurisdicción sobre esta de conformidad con la cláusula constitucional del debido proceso de ley. *SLG Rivera-Pérez v. SLG Díaz-Doe*, 207 DPR 636, 646 (2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). En esa línea, el emplazamiento es el mecanismo procesal que permite adquirir jurisdicción sobre la persona, para que esta quede obligada a la sentencia final que se dicte. *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). En virtud de este trámite, se le notifica a esta parte sobre la existencia de una reclamación incoada en su contra. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Rivera v. Jaume*, 157 DPR 562, 575 (2002).

Por su transcendencia, los tribunales deben observar celosamente las normas que gobiernan los emplazamientos, ya que afecta su facultad de resolver controversias. *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 720 (2009). Ello, pues, "existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley". *Rivera Marrero v. Santiago Martínez, supra*, a la págs. 480-481; *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901 (1998). Por tanto, su cumplimiento no es una mera formalidad. *Martajeva v. Ferré Morris y otros, supra*, a la pág. 620 (2022).

A esos fines, la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), dispone que el emplazamiento será diligenciado en el término de 120 días a partir de la presentación de la demanda. Este término es improrrogable y, consecuentemente, si en ese plazo el demandante no ha podido diligenciar el emplazamiento, automáticamente se desestimará su causa de acción". *Bernier González v. Rodríguez Becerra, supra,* a la pág. 649.

Ahora bien, el diligenciamiento del emplazamiento dependerá de la situación legal de la persona —natural o jurídica— a la cual se le servirá. *SLG Rivera-Pérez v. SLG Díaz-Doe, supra,* a la pág. 648. En lo pertinente a este recurso, el Art. 4.4(f) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, requiere que el emplazamiento se diligencie de la siguiente manera:

> *El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:*
>
> . . . . . . . .
>
> ***(f) Al Estado Libre Asociado de Puerto Rico, entregando copia del emplazamiento y de la demanda al Secretario o Secretaria de Justicia o a la persona que designe.***
>
> *(g) A un funcionario o una funcionaria, o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, entregando copia del emplazamiento y de la demanda a dicho funcionario o dicha funcionaria, o al jefe ejecutivo o jefa ejecutiva de dicha dependencia. Además, será requisito indispensable que en todos los pleitos que se insten contra un funcionario funcionaria o una dependencia del Estado Libre Asociado de Puerto Rico, que no sea una corporación pública, la parte demandante entregue copia del emplazamiento y de la demanda al Secretario o la Secretaria de Justicia o a la persona que designe. Si la dependencia es una corporación pública, se entregará las copias según lo dispuesto en la Regla 4.4(e).* (Énfasis nuestro).

En cuanto a este particular, en *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 35 (2014), el Tribunal Supremo de Puerto Rico resolvió que el TPI carecía de jurisdicción por no emplazarse al Estado Libre Asociado por conducto del Secretario de Justicia:

> *[E]s forzoso concluir que la Administración de Corrección no es una "instrumentalidad" pública sino, por el contrario, un departamento de la Rama Ejecutiva que carece de personalidad jurídica propia. En ese sentido, cuando se insta una demanda de daños y perjuicios contra la Administración de Corrección, el verdadero demandado es el Estado Libre Asociado y al emplazarlo deben cumplirse las disposiciones de la Regla 4.4(f) de Procedimiento Civil, supra. Es decir, únicamente hay que emplazar al Secretario de Justicia o a la persona a quien este haya delegado esa función. En el caso de autos, solamente se emplazó a la Administración de Corrección. Nunca se emplazó personalmente al Secretario de Justicia. Por lo tanto, se incumplió la Regla 4.4(f) y no se asumió jurisdicción sobre el Estado Libre Asociado por vía de la Administración de Corrección.[4]*

En tal circunstancia, la desestimación responde al hecho de que la falta de un correcto emplazamiento produce la nulidad de sentencia por ausencia de jurisdicción sobre el demandado. *SLG Rivera-Pérez v. SLG Díaz-Doe, supra,* a la pág. 647. *Torres Zayas v. Montano Gómez et als.,* 199 DPR 458, 468-489 (2017). De esta manera, como antes explicamos, se protege la política pública que evita el fraude, e impide que los procedimientos judiciales priven a una persona de su propiedad sin debido proceso de ley. *Bernier González v. Rodríguez Becerra, supra,* a la pág. 644 (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 258). En vista de su importancia, la condición de confinado, por sí sola, no es suficiente para eximirlo del requisito de notificación garantizado mediante el emplazamiento. Véase R*osario Mercado v. ELA,* 189 DPR 571, 570 (2013).

---

[4] El Art. 4 del Plan de Reorganización del Departamento de Corrección y Rehabilitación, 3 LPRA Ap. XVIII, Art. 4, reconoce que dicha agencia se encuentra actualmente bajo el Poder Ejecutivo, al igual que la anterior Administración Correccional.

**III.**

En el recurso presente, el Sr. Rivera Colón señala que erró el foro primario al desestimar su petición de *Mandamus* por falta emplazamiento. En particular, argumenta que el tribunal sentenciador incidió al no considerar su desconocimiento de las reglas procesales y su estado de confinamiento. Ante tales circunstancias, nos solicita que revoquemos la Sentencia desestimatoria, y ordenemos consecuentemente la designación de un representante legal, que le asista en la tramitación de su pleito.

Evaluado sosegadamente el expediente ante nuestra consideración, resolvemos que la determinación apelada es consistente con las normas procesales que regulan el correcto emplazamiento. Adelantamos que el estado de confinamiento del apelante no puede aplicarse como un factor excepcional para incumplir con el trámite de emplazamiento. Por tanto, nos compete sostener la Sentencia impugnada en aras de garantizar el debido proceso de ley de la parte demandada. Veamos.

Corresponde establecer que, el 18 de octubre de 2024, el Sr. Rivera Colón sometió el formulario de emplazamiento cumplimentado ante la consideración del foro primario. En este documento solo indicó que el emplazamiento se diligenciara al Departamento de Corrección. De conformidad con lo anterior, el 7 de noviembre de 2024 se diligenció el emplazamiento a dicha agencia mediante la entrega de la copia de la demanda a la oficial designada por esta. No obstante, precisamos que este organismo administrativo carece de personalidad jurídica propia para responder a la acción legal instada por el apelante, según se resolvió en el caso *Cirino González v. Adm. Corrección, supra,* a la pág. 35.

Ante tal situación legal, nuestro ordenamiento jurídico requiere que el emplazamiento se diligencie al Estado Libre Asociado por conducto del Secretario de Justicia o la persona designada por este de conformidad con la Regla 4.4(f) de Procedimiento Civil, *supra.* Sin embargo, contemplamos que en el caso presente esta parte no fue emplazada. En efecto, tal inobservancia a las normas procesales generó un problema insubsanable de falta de jurisdicción sobre el Estado Libre Asociado, quien es la parte con personalidad jurídica para responder a la reclamación incoada por el apelante. A luz de lo anterior, disponemos que el foro primario actuó correctamente al desestimar sin perjuicio el recurso de *Mandamus*.

Por último, el apelante alega que el TPI incidió al no designarle un representante legal para tramitar su pleito conforme a las exigencias procesales. No le asiste la razón. Recordemos, pues que, "en el ámbito de lo civil, no se reconoce el derecho de asistencia de abogado a los litigantes". *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 670 (2000); *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 785 (1988). Por tanto, razonamos que este error no se cometió. En vista de lo anterior, reiteramos que procede confirmar la Sentencia objeto de revisión judicial.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte del dictamen, confirmamos la Sentencia emitida por el Tribunal de Primera Instancia, Sala de Superior de Bayamón.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto vota conforme con la siguiente expresión:

*Suscribo la sentencia que emite el panel al cual estoy adscrito, en tanto la juzgo conforme a derecho. No obstante, sepa el Sr. Daniel Rivera Colón que una desestimación sin perjuicio significa que puede presentar nuevamente su caso, aunque, de decidirse por dicha alternativa, deberá emplazar al Estado Libre Asociado de Puerto Rico.*

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones