Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| *Personas con interés:*<br><br>GONCORD DEVELOPMENT CO., INC., GONZAY REALTY, INC., ALEXANDER RIVERA VICENS, MARÍA EUGENIA GONZÁLEZ MUÑOZ, SUCESIÓN DE PLÁCIDO GONZÁLEZ CÓRDOVA Y EMPRESAS GONZÁLEZ<br>Recurrentes<br><br>v.<br><br>EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, REPRESENTADO POR SU SECRETARIA DE JUSTICIA, HON. LOURDES L. GÓMEZ TORRES, Y EL MUNICIPIO DE SAN LORENZO DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, REPRESENTADO POR SU ALCALDE, HONORABLE JAIME ALVERIO RAMOS<br>Recurridos | TA2026RA00039 | *Revisión Judicial* procedente de la Oficina de Estorbos Públicos del Municipio de San Lorenzo<br><br>Caso Núm.<br>414<br><br>Sobre:<br>Vista Administrativa Informal<br><br>Intención de Declaración de Estorbo Público<br><br>Ordenanza 33-OT; Serie: 2020-2021 Ley 107-2020, según enmendada |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico, a 18 de febrero de 2026.

Comparecen Goncord Development Co., Inc., Gonzay Realty, Inc., el señor Alexander Rivera Vicens, la señora María Eugenia González Muñoz, la Sucesión de Plácido González Córdova y las Empresas González (recurrentes), mediante recurso de *revisión judicial,* solicitando que dejemos un *Informe y Orden del Oficial Examinador,* emitido por la Oficina de Estorbos Públicos (OEP) del Municipio de San Lorenzo (el Municipio o el recurrido), el 27 de diciembre de 2025.

No obstante, el Municipio ha acudido ante nosotros mediante *Solicitud de desestimación,* alzando un asunto jurisdiccional, cuya atención prima sobre cualquier otro. Según es sabido, "las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás

asuntos". *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Muni. De San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).

Adelantamos que, tal como se elabora en la referida petición de desestimación del Municipio, procede desestimar el presente recurso, pues la jurisdicción para dirimir la controversia que se nos plantea la ostenta el Tribunal de Primera Instancia, no este foro intermedio.

## I. Resumen del tracto procesal

Limitándonos a los datos procesales pertinentes al asunto jurisdiccional, y según surge de la resolución administrativa de la cual se recurre[1], luego del Municipio llevar a cabo una investigación para identificar como posible estorbo público un solar, advino en conocimiento de que Concord Development Co., Inc., era su titular.[2] En consecuencia, el 29 de septiembre de 2025, el Municipio presentó ante la OEP una *Solicitud de Identificación de Estorbos Públicos o de Intensión [sic] para Adquirir*, y notificó a la corporación aludida sobre ello, advirtiéndole sobre su derecho a solicitar vista administrativa para oponerse.

En efecto, el 22 de octubre de 2025, los recurrentes solicitaron la celebración de una vista administrativa para objetar la declaración de estorbo público.

Ante lo cual, fue celebrada la vista administrativa correspondiente, cuyo resultado fue que, el 27 de diciembre de 2025, la OEP emitiera un *Informe y Orden del Oficial Examinador*, adverso a la parte recurrente. En lo que nos concierne, en la parte final del referido Informe se dispuso lo siguiente en cuanto a la posibilidad de solicitar la revisión judicial:

> De conformidad con el Artículo 4.013 de la Ley 107-2020, según enmendada, cualquier parte en este caso tiene el derecho de acudir en revisión judicial de eta (sic) Orden dentro del término jurisdiccional de diez (10) días contados desde el envío de correo electrónico o del depósito en el correo de la copia de esta notificación, según se dispone en el Artículo 1.050 de la Ley 107-2020, según enmendada, ante el Tribunal de Apelaciones de la

---

[1] Apéndice 2 del recurso de revisión judicial.
[2] En el tracto procesal del proceso administrativo, y la propia resolución recurrida, se da cuentas de asuntos relativos a quién era el verdadero titular del solar, y qué facultad, si alguna, ostentaban los recurrentes de epígrafe para ser parte en el pleito. Sin embargo, no nos detendremos en ninguno de tales asuntos, limitándonos a dar los mínimos datos para dilucidar la interrogante jurisdiccional que precisamos abordar.

Región Judicial de Caguas a la que pertenece el Municipio de San Lorenzo.[3]

Insatisfechos con las determinaciones contenidas en el *Informe y Orden del Oficial Examinador*, el 9 de enero de 2026, los recurrentes presentaron una *Solicitud para que se Realicen Determinaciones Adicionales de Hechos y/o Solicitud de Reconsideración* ante la propia OEP. Días después, el 12 de enero de 2026, esta misma parte también presentó una *Solicitud Enmendada para que se Realicen Determinaciones Adicionales de Hechos y/o Solicitud de Reconsideración.*

Sin embargo, el 12 de enero de 2026, el Oficial Examinador declaró *No Ha Lugar* ambas peticiones.

Es así como, el 22 de enero de 2026, la parte recurrente acudió ante este Tribunal de Apelaciones, mediante recurso de *revisión judicial*, señalando la comisión de los siguientes errores:

**PRIMER ERROR:** La Parte Recurrida le violó a la Parte Recurrente sus Derechos constitucionales a no ser privado de su propiedad sin compensación y sin un debido proceso de ley.

**SEGUNDO ERROR:** La Parte Recurrida no cumplió con el Procedimiento establecido en su propia Ordenanza 33-OT, Serie 2020-21, ni con la Ley 107-2020, según enmendada, porque construyó una verja e intervino en la Propiedad, alegadamente gastando $28,028.00 en la misma; antes de declararla Estorbo Público, antes de notificar a la Querellada-Recurrente, antes de celebrar una vista y antes de darle la oportunidad de corregir cualquier señalamiento.

**TERCER ERROR:** No se presentó prueba alguna sobre los alegados $28,028.00 gastados en dicha propiedad, ni se nos permitió contra interrogar sobre dicho particular, a pesar de haberlo intentado.

**CUARTO ERROR:** El Oficial Examinador erró al determinar que "… el mero hecho de pagar una obligación contributiva a favor de un tercero (Goncord Development Co., Inc.) no convierte automáticamente al pagador o pagadores en titulares o partes con interés en la propiedad."

En el ínterin, compareció ante nosotros el Gobierno de Puerto Rico, representado por la Oficina del Procurador General, advirtiendo, en síntesis, que la parte recurrida es propiamente el Municipio de San Lorenzo, no el Gobierno, por lo que correspondía que ordenáramos se le relevara de comparecer. Tiene razón.

---

[3] *Informe y Orden del Oficial Examinador*, Entrada 2 de SUMAC (TPI), pág. 13.

Entonces, concedido por este foro intermedio término para ello, el Municipio acudió ante nosotros mediante *Alegato en oposición y en solicitud de la desestimación del recurso de revisión*. Junto al apéndice incluido en el referido *Alegato* el Municipio anejó un *Informe y orden del oficial examinador [Notificación enmendada]* y *Resolución[4],* en los cuales el Oficial Examinador admitió haber incidido en su Informe de 27 de diciembre de 2025, al haber "indicado por error que el foro judicial a recurrir es ante el Tribunal de Apelaciones de la Región Judicial de Caguas a la que pertenece el Municipio de San Lorenzo. Conforme, al citado Artículo 4.013, las actuaciones del municipio a tenor con lo dispuesto en el Libro IV - Procesos Municipales y Gestión Comunitaria, Capítulo II - Restauración de las Comunidades, a excepción de la acción de expropiación que se rige por la Regla 58 de Procedimiento Civil, **serán revisables por el Tribunal de Primera Instancia**". (Énfasis provisto).

Es por causa del señalado error en la notificación de la resolución de la OEP, que el Municipio arguye ante nosotros que procede la desestimación del recurso presentado. En definitiva, el Municipio esgrime, con razón, que por virtud del mandato expreso de la ley especial que rige los procesos municipales sobre la declaratoria de estorbos públicos, la parte que resulte insatisfecha con el dictamen administrativo tiene derecho a solicitar la revisión judicial ante el Tribunal de Primera Instancia, no en este Tribunal de Apelaciones.

**II. Exposición de Derecho**

a.

El término jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia como los foros apelativos tienen el deber de analizar de

---

[4] Apéndice del Alegato del Municipio, págs. 1-14.

forma prioritaria si poseen jurisdicción para atender las controversias presentadas ante su consideración, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Ruiz Camilo v. Trafon Group, Inc.*, *supra*, pág. 268; *Horizon v. Jta. Revisora, RA Holdings*, supra; *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Evaluar los aspectos jurisdiccionales es parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc.*, *supra*; *Muni. De San Sebastián v. QMC Telecom*, supra, pág. 660; *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). De manera que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo, pues **no tenemos discreción para asumir jurisdicción donde no la hay**. *Muni. De San Sebastián v. QMC Telecom, supra*; *Yumac Home v. Empresas Massó, supra.* (Énfasis provisto).

Con respecto a la jurisdicción sobre la materia, se sabe que ésta se refiere a la capacidad de un tribunal para entender sobre un asunto legal. *Shell v. Srio. de Hacienda, supra*, pág. 122; *Rodríguez v. Registrador*, 75 DPR 712, 716 (1963). Por tanto, cuando un tribunal carece de jurisdicción sobre la materia, dicho foro se enfrenta a las siguientes consecuencias: (1) la falta de jurisdicción no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal abrogársela; (3) los dictámenes de un foro sin jurisdicción sobre la materia son nulos; (4) los tribunales tienen el deber de auscultar su jurisdicción; (5) los tribunales apelativos, además, deberán examinar la jurisdicción del foro de donde procede el recurso, y (6) el planteamiento de falta de jurisdicción sobre la materia puede hacerse en cualquier etapa de los procedimientos por cualquiera de las partes o por el tribunal *motu propio. Shell v. Srio. de Hacienda, supra*; *Aguadilla Paint Center v. Esso*, 183 DPR 901, 931 (2011); *Vázquez v. ARPe*, 128 DPR 513, 537 (1991). Precisamos que cuando un tribunal carece de jurisdicción sobre la

materia, su actuación u orden se considera nula. *López García v. López García*, 200 DPR 50 (2018); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998).

b.

El Código Municipal de Puerto Rico, Ley 107 del 13 de agosto de 2020, según enmendada, (Código Municipal), concede facultad a las municipalidades para, como parte de la política pública de restauración de las comunidades, identificar las propiedades inmuebles deshabitadas y abandonadas, y declararlas estorbos públicos. 21 LPRA sec. 7631 *et seq.* El Art. 4.009 del mismo cuerpo legal reconoce el derecho del propietario, poseedor o persona con interés en el predio, a que se celebre una vista administrativa donde tenga oportunidad de oponerse a la declaración de estorbo público. 21 LPRA sec. 7633. Es en este contexto que el Artículo 4.013 del Código Municipal dispone específicamente en qué foro reside la jurisdicción para revisar las determinaciones administrativas, bajo los siguientes términos: "[l]as actuaciones del municipio a tenor con lo dispuesto en este Capítulo [...] **serán revisables por el Tribunal de Primera Instancia**". 21 LPRA sec. 7637.

**III. Aplicación del Derecho a los hechos**

Con relación al asunto jurisdiccional identificado, basta una sola lectura a las advertencias sobre los derechos de revisión judicial contenidas en el *Informe y Orden del Oficial Examinador* de 27 de diciembre de 2025, según citadas, para percatarnos de que resultan erróneas, en tanto subvirtieron el foro ante el cual cabe presentar un recurso de revisión judicial. En concreto, en el referido *Informe y Orden* se indicó que cualquier parte tenía el derecho de acudir en revisión judicial *dentro del término jurisdiccional de diez (10) días,* **ante el Tribunal de Apelaciones** *de la Región Judicial de Caguas a la que pertenece el Municipio de San Lorenzo.* (Énfasis provisto).

Contrario a ello, el Artículo 4.013 del Código Municipal dispone específicamente que la jurisdicción para revisar la determinación

administrativa sobre estorbo público la ostenta **el Tribunal de Primera Instancia**. *Ergo*, este Tribunal de Apelaciones ha sido privado de jurisdicción para intervenir en tales casos.

Sépase, además, que el foro recurrido también fue desacertado al notificar a las partes un término de diez (10) días en el que presentar recurso de revisión judicial. Según fuera certeramente reconocido posteriormente por la OEP en su *Informe Enmendado* de 22 de enero 2026, por virtud del Artículo 1.050 del Código Municipal, 21 LPRA Sec. 7081, el término correcto es de de veinte (20) días, contados a partir de la fecha del envío de correo electrónico de la notificación final de la cual se recurre. Sobre esto bien merece la pena señalar que "se incumple con el debido proceso de ley cuando no se notifica adecuadamente una determinación administrativa a una parte afectada por ella. *Molini Gronau v. Corp. PR Dif. Púb.*, 179 DPR 674, 686 (2010). Por tanto, "una notificación defectuosa **no activa los términos para solicitar reconsideración o acudir en revisión judicial**". *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228 (2014). (Énfasis provisto).

## IV. Parte dispositiva

Por los fundamentos expuestos, *desestimamos* el recurso de revisión judicial ante nuestra atención, al carecer de jurisdicción para atenderlo. A tenor, se devuelve el asunto a la Oficina de Estorbos Públicos del Municipio de San Lorenzo para que se adhiera al cumplimiento con la debida notificación del dictamen recurrido.

Con relación a la *Moción informativa y solicitud de relevo de Orden instada por el Procurador General*, Ha Lugar, se le releva de seguir compareciendo en este procedimiento.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones